Khalilollah **TAFARROJI,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–89–00744–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 7, 1991.

Henry L. Burkholder, III, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a conviction for theft. After the appellant entered a plea of not guilty, the jury found him guilty and assessed punishment at five years, probated, and a $2,500.00 fine. Appellant's sole point of error is that the trial court erred in failing to find him indigent and provide him with a free statement of facts. We affirm.

Khalilollah Tafarroji owns an auto repair business. Pursuant to a sting operation, appellant acquired one stolen set of T-Tops. Appellant was charged in the indictment with appropriation of property believed to be stolen with the intent to deprive the owner of the property. TEX.PENAL CODE ANN. § 31.03 (Vernon 1974). The judgment was signed on August 7, 1989 and appellant gave a timely notice of appeal that same day. When no statement of facts was filed within the time required, and no motion for extension of time made, the trial court and counsel were notified by this court that an appeal could proceed on the transcript alone. TEX.R.APP.P. 54(b) & (c). On November 10, 1989, one month after this notification, this court ordered the trial court to conduct a hearing to determine why no statement of facts had been filed. TEX.R.APP.P. 53(m).

A hearing was held on April 27, 1990 at which appellant testified that he was unable to locate his trial attorney, did not know the status of his appeal, and was looking for another attorney. He also testified that he made between $1500.00 and $2000.00 a month take-home pay, and had between $1000.00 and $1500.00 in the bank at all times. He also owned two cars to which he had clear title. The trial court then told appellant that if he wished to appeal his case he needed to find an attorney and pay for a statement of facts. Appellant responded that he understood the court and had no questions. Appellant made no claim of indigency.

Appellant's newly-retained counsel filed a motion for abatement of this appeal on June 11, 1990. This court then ordered the trial court to conduct an indigency hearing. TEX.R.APP.P. 53(j)(2). On September 13,

1990, appellant filed an affidavit of indigency, and the court held a hearing pursuant to the order of this court. The trial court found appellant to be only partially indigent and ordered him to pay $1,000 deposit for the statement of facts. Appellant later filed another motion for abatement requesting this court to order the State to pay the full cost of the statement of facts. This motion was overruled. Appellant's sole point of error on appeal repeats the same argument that a statement of facts should have been provided to him without charge.

 It is well settled that a defendant is not entitled to a free statement of facts absent proof of indigency. *See Rosales v. State,* 748 S.W.2d 451 (Tex.Crim.App.1987), *cert. denied,* 487 U.S. 1241, 108 S.Ct. 2917, 101 L.Ed.2d 949 (1988). While a pauper's oath was sufficient to trigger a free transcript at one time, this is no longer the case. *Id.* at 455. The trial court has complete discretion in its determination of indigency. *Id.* Such determination must be made on a case by case basis, and there are no strict standards by which to decide. However, the Court of Criminal Appeals has ruled that the trial court may only look to appellant's financial condition at the time of appeal and may not consider the ability of relatives to pay for a transcript. *See, e.g., Rosales v. State,* 748 S.W.2d 451, 455 (Tex.Crim.App.1987); *Drummond v. State,* 675 S.W.2d 545, 546 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd). Further, the fact that appellant has hired counsel or made bond on appeal is not determinative in an indigency hearing. *See, e.g., Abdnor v. State,* 712 S.W.2d 136, 142 (Tex. Crim.App.1986); *Taylor v. State,* 799 S.W.2d 445, 446 (Tex.App.—Houston [1st Dist.] 1990, no pet.).

 In order to prevail in a claim of indigency, a party must act with due diligence by filing a pauper's oath in a timely manner and alleging and proving indigency at the subsequent hearing. *See Snoke v. State,* 780 S.W.2d 210, 212–13 (Tex.Crim. App.1989). In the present case, appellant did not file a pauper's oath until September 13, 1990—more than a year after filing his notice of appeal, and after the first hearing regarding his failure to file a statement of facts. Indigency, in the absence of diligence, does not sustain appellant's claim for a free statement of facts. *See Abdnor v. State,* 712 S.W.2d 136, 141 (Tex.Crim. App.1986). Both requirements must be met by appellant.

 We find appellant was not diligent in asserting indigency. However, even if the appellant was diligent in asserting his indigency, the evidence adduced at the hearing does not support appellant's claim of indigency. Appellant has property, a business, an income, and sufficient funds in the bank to pay the $1,000.00 as ordered by the trial court. The fact that he has other creditors does not create an indigency status.

We find appellant did not make a prima facie showing of indigency. Therefore, the trial court did not abuse its discretion in denying the claim of indigency. Appellant's sole point of error is overruled.

For these reasons we affirm the judgment of the trial court.