**Rex Barlow SHAFER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 05–91–01678–CR.**

Court of Appeals of Texas, Dallas.

Oct. 7, 1992.

Rehearing Denied Dec. 4, 1992.

Discretionary Review Refused Feb. 24, 1993.

John G. Tatum, Dallas, for appellant.

April E. Smith, Dallas, for appellee.

1. A copy of the document filed by Shafer, entitled *Defendant's Notice of Appeal, Designation of*

Before LAGARDE, OVARD and MALONEY, JJ.

## OPINION

OVARD, Justice.

Rex Barlow Shafer appeals his conviction for theft of property. Pursuant to a plea bargain agreement, Shafer pleaded guilty to the offense alleged in the indictment and pleaded true to the enhancement paragraph. The trial court sentenced Shafer to six years' confinement and a $500 fine.

Shafer's attorney has filed a brief in which he has concluded that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by presenting a professional evaluation of the record demonstrating why, in effect, there are no meritorious grounds to be advanced. *See High v. State*, 573 S.W.2d 807 (Tex.Crim.App.1978); *Currie v. State*, 516 S.W.2d 684 (Tex.Crim.App.1974); *Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App.1969). Shafer's attorney does, however, assert two arguable points of error: (1) Shafer received ineffective assistance of counsel; and (2) the trial court's sentence constitutes imprisonment for debt. A copy of counsel's brief has been delivered to Shafer and he has been advised that he would be given the opportunity to examine the appellate record and that he had a right to file a pro se brief. No pro se brief has been filed.

In arguable point of error one, Shafer's attorney asserts that Shafer received ineffective assistance of counsel. He contends that trial counsel failed to investigate the offense fully and failed to advise him as to the law applicable to the charge.

■ We note that Shafer's notice of appeal does not comply with rule 40(b)(1) of the Rules of Appellate Procedure.[1] That rule provides that, where a defendant pleads guilty and punishment is assessed in accordance with a plea bargain, "in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to

*Record & Motion for Appointment of Counsel on Appeal,* is attached to this opinion as Exhibit I.

entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial." TEX.R.APP.P. 40(b)(1). Inasmuch as Shafer does not claim that ineffective assistance of counsel rendered his guilty plea involuntary, his complaint is nonjurisdictional. Thus, in order to perfect his appeal, Shafer's notice of appeal must state that he has the trial court's permission to appeal or that the matter of ineffective assistance was raised by written motion before trial. Shafer's notice of appeal includes neither statement. Failure to comply with the mandatory requirements of rule 40(b)(1) constitutes a failure to preserve any nonjurisdictional defects. *Jones v. State*, 796 S.W.2d 183, 186 (Tex.Crim. App.1990)[2] We dismiss arguable point of error number one.

In his second arguable point, Shafer's attorney asserts that the trial court erred in assessing a fine against him. He claims that since he is indigent, assessing a fine against him which he cannot pay, constitutes imprisonment for debt. *See* TEX. CONST. art. I, § 18. Because this point involves an alleged sentencing error, which occurred after Shafer pleaded guilty, rule 40(b)(1) does not bar our consideration of this ground.

■ The Equal Protection Clause of the United States Constitution's Fourteenth Amendment prohibits the imprisonment of an indigent person for failure to *immediately* pay a fine. *Tate v. Short*, 401 U.S. 395, 398, 91 S.Ct. 668, 670, 28 L.Ed.2d 130 (1971); *see* U.S. CONST. amend. XIV. Appellant has not shown he has completed his six-year term of imprisonment. He has not shown his imprisonment is due to his inability to pay the $500 fine. The sentence does not violate appellant's right to equal protection of the laws.

■ Shafer's claim that his imprisonment for failure to pay his fine would violate article one, section eighteen of the Texas Constitution is without merit. *See* TEX. CONST. art. I, § 18 ("No person shall ever be imprisoned for debt."). The word "debt" does not include fines meted out in criminal prosecutions. *See Thompson v. State*, 557 S.W.2d 521, 525 (Tex.Crim.App. 1977); *Ex parte Morris*, 171 Tex.Crim. 499, 352 S.W.2d 125, 128 (1961); *see also* TEX. CONST. art. I, § 18, interp. commentary (Vernon 1984). Appellant has not shown a violation of article one, section eighteen. We overrule the second arguable point of error.

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal.

We affirm the trial court's judgment.

**2.** We are aware of the recent case of *Riley v. State*, 825 S.W.2d 699 (Tex.Crim.App.1992), holding that where the record included a trial court order that contained all information required by rule 40(b)(1), the Court of Appeals was not denied jurisdiction due to a defective notice of appeal. That case is not applicable here.

## EXHIBIT I

THE STATE OF TEXAS

VS.

REX BARLOW SHAFER

FILED CAUSE NO. F91-41876-M ✓

194th JUDICIAL DISTRICT OCURT

AUG 15 P2:42 DALLAS COUNTY, TEXAS

## DEFENDANT'S NOTICE OF APPEAL, DESIGNATION OF RECORD & MOTION FOR APPOINTMENT OF COUNSEL ON APPEAL

TO THE HONORABLE JUDGE:

NOTICE OF APPEAL *(Rule 40b, Texas Rules of Appellate Procedure)*. Defendant gives notice of appeal to the Court of Appeals for the Fifth District of Texas.

☐ No Plea Bargain.

    ☐ *Plea of Not Guilty.* Defendant was convicted on a plea of not guilty.

    ☐ *Plea of Guilty or Nolo Contendere.* Defendant was convicted on a plea of guilty or nolo contendere without a plea bargain agreement. Defendant and his trial counsel did not agree to the punishment assessed by the Court in accordance with the recommendation of the prosecutor.

☒ Involuntary Plea Bargain. Defendant's plea of guilty or nolo contendere and acceptance of the plea bargain was involuntary.

    ☒ *Ineffective Assistance of Counsel.* Defendant's acceptance of the plea bargain was induced by the failure of his trial counsel to provide effective assistance.

        ☒ *Duty to Investigate.* Defendant's trial counsel breached the duty to provide effective assistance of counsel by failing to investigate the offense charged against Defendant fully and completely.

        ☐ *Duty to Advise.* Defendant's trial counsel breached the duty to provide effective assistance of counsel by failing to advise Defendant as to the law applicable to the charge against Defendant (including the constitutional right not to be imprisoned for debt).

        ☐ *Failure to Seek Recusal.* Defendant's trial counsel failed to provide effective assistance by not moving for recusal of the Trial Judge. The Trial Judge prejudged Defendant's punishment prior to hearing any relevant evidence.

    ☐ *Denial of Right to Counsel.*

        ☐ *Arbitrary Substitution of Appointed Counsel.* Defendant's right to counsel was violated by the action of the Trial Judge in ordering a substitution of appointed counsel for Defendant without the consent of Defendant and without just cause.

        ☐ *Counsel of Choice.* Defendant's right to be represented by counsel of his choice was violated by the Trial Court's failure or refusal to appoint the counsel of Defendant's choice with the consent of that counsel.

☒ Plea Bargain. Defendant was convicted on a plea of guilty or nolo contendere and the punishment assessed by the Court does not exceed that recommended by the prosecutor and agreed to by the Defendant and his attorney. Defendant seeks to appeal the following:

    ☐ *Pre-Trial Motion(s).* The denial prior to accepting Defendant's plea of the following written pre-trial motion(s): _____

        ☐ *Permission to Appeal.* The Trial Judged granted permission for Defendant to appeal the denial of the foregoing pre-trial motion(s).

        ☐ *Denial of Permission to Appeal (Abuse of Discretion).* Good and sufficient reason existed for the Trial Judge to grant permission for Defendant to appeal, but the Court denied or refused to act on Defendant's motion for permission to appeal. Defendant is appealing the Trial Judge's abuse of discretion in denying or refusing to act on Defendant's motion for permission to appeal.

    ☐ *Judgment.* The Judgment prepared by the Trial Court *after* accepting Defendant's plea on the ground(s) that:

        ☐ *Lack of Jurisdiction.* The Court lacked jurisdiction to enter a judgment of conviction for the offense alleged in the indictment/information.

        ☐ *Insufficient Evidence.* The evidence presented was insufficient to support a conviction.

    ☒ *Sentence.* The Sentence prepared by the Trial Court *after* accepting Defendant's plea on the ground(s) that:

        ☒ *Imprisonment for Debt.* The sentence orders Defendant, an indigent person, to be imprisoned for non-payment of a fine, restitution, fees and/or costs of court.

**20**

☒ *Failure to Recite Adjudication of Indigency.* The sentence orders Defendant to be imprisoned for debt without a judicial determination of whether Defendant is an indigent person.

☒ *Motion for New Trial.*

☐ *Denial of Hearing.* The Trial Court failed to conduct a hearing on Defendant's motion for new trial as timely requested by Defendant.

☒ *Denial of Motion.* The Trial Court denied Defendant's timely filed motion for new trial or permitted the same to be overruled by operation of law.

☒ *Motion in Arrest of Judgment.*

☐ *Denial of Hearing.* The Trial Court failed to conduct a hearing on Defendant's motion in arrest of judgment as timely requested by Defendant.

☒ *Denial of Motion.* The Trial Court denied Defendant's timely filed motion in arrest of judgment.

☒ No Waivers *(Motion for New Trial, Motion in Arrest of Judgment & Notice of Appeal).* Defendant did not voluntarily, knowingly and intelligently waive his right to file a motion for new trial, motion in arrest of judgment and/or notice of appeal.

☒ *Involuntary Waiver (Ineffective Assistance of Counsel).* Any purported waivers of such rights were involuntary in that they were induced by the failure of Defendant's trial counsel to provide effective assistance.

☒ *No Waiver of Existing Right.* Defendant did not voluntarily, knowingly or intelligently waive such rights. Any purported waivers of such rights were made prior to the time that such rights existed and the judgment and sentence which violate Defendant's right not to be imprisoned for debt were not in existence at the time any puported waiver was made by Defendant and approved by the Court.

☐ Failure to Recuse. Defendant's was denied the right to a fair trial before an impartial judge. The Trial Judge to recuse himself after prejudging Defendant's punishment prior to hearing any relevant evidence.

**DESIGNATION OF RECORD ON APPEAL.** Defendant moves for the Court to order the Court Clerk and Court Reporter to prepare for filing a record of trial at *no cost to him.* Defendant designates for inclusion in such record:

☒ Indictment or information;

☒ Docket sheet;

☒ All warrants and affidavits of probable cause.

☒ Judgment;

☒ Sentence;

☐ Bills of exception;

☒ Defendant's affidavits of indigency;

☒ Motions and other pleadings of the parties;

☒ All orders of the Court;

☐ Presentence report and all reports and notes relating to Defendant and this cause prepared by a probation officer acting under the direction of the Court;

☒ Statement of facts reflecting all evidence presented in this cause.

**APPOINTMENT OF COUNSEL ON APPEAL.** Defendant is an indigent person without financial means of employing counsel and this Court has previously made a finding that Defendant is indigent and financially unable to employ counsel. The interests of justice require the appointment of counsel and Defendant so moves.

**CERTIFICATE OF SERVICE.** True and correct copies of the foregoing were served by mail or hand delivery to:

☒ COURT OF APPEALS (Dallas);

☒ District Attorney (Dallas County);

☒ Court Clerk;

☒ Court Reporter.

Respectfully submitted,

*[signature]*

DEFENDANT (by Power of Attorney to ROSS TETER)

21