Ronnie Earl YOUNG, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–92–00186–CR.

Court of Appeals of Texas, El Paso.

March 17, 1993.

Ross Teter, Dallas, for appellant.

John Vance, Criminal Dist. Atty., Jeffrey B. Keck, Asst. Dist. Atty., Dallas, for appellee/State.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

## OPINION

BARAJAS, Justice.

This is an appeal from a conviction for the offense of possession of cocaine in an amount of less than 28 grams, enhanced by a prior felony conviction. Appellant, Ronnie Earl Young, waived trial by jury and entered a plea of guilty to the trial court to the offense as alleged in the indictment as well as a plea of true to the enhancement paragraph. Upon a finding of guilty, and a finding of true to the enhancement paragraph, the trial court assessed punishment at imprisonment in the Institutional Division of the Texas Department of Criminal Justice for a term of 10 years and a fine of $750. In four grounds of error, Appellant attacks the judgment of conviction. We affirm the judgment of the trial court.

## I. PROCEDURAL HISTORY

Appellant was indicted for the offense of possession of cocaine in an amount of less than 28 grams, said to have occurred on July 20, 1991. A plea agreement entered into by and between Appellant, his counsel and the prosecuting attorney was reduced to writing, executed by the parties, approved by the trial court and is of record in the instant case.[1] On September 5, 1991, Appellant was fully and completely admonished pursuant to Tex.Code Crim.Pro.Ann. art. 26.13 after which he waived his right to trial by jury and entered his plea of guilty to the offense as alleged in the indictment, and a plea of true to the prior felony conviction.[2] The trial court admitted in evidence, without objection, Appellant's judicial confession, his stipulation of evidence and his plea of true to the enhancement paragraph.[3] The record affir-

1. The plea bargain agreement provides in pertinent part that the parties would agree and recommend to the trial court that Appellant would plead guilty and would testify in the instant case. Further, that the felony conviction would result in the recommended punishment of no probation being granted, confinement in the penitentiary for 10 years, a fine of $500, credit for all time served and that the sentence in the instant case run concurrent with Cause No. F91-36332-MV, a collateral offense.

2. Appellant, in being admonished pursuant to Tex.Code Crim.Pro.Ann. art. 26.13(a)(3) (Vernon 1989), acknowledged as follows:

I further understand that where there is a plea bargain agreement and the punishment assessed by the Court does not exceed the agreed recommendation, I do not have the right to appeal without permission of the Court, except for those matters raised by written motions filed and presented to the Court prior to trial.

3. In his written judicial confession, Appellant admitted and judicially confessed that he is the same person named in the charging instrument and that he understood the charge contained therein. Further, Appellant stated that he was guilty of the offense exactly as alleged in the

matively establishes, through Appellant's own testimony, that each of the documents admitted in evidence, including his judicial confession, was signed freely and voluntarily. The trial court found Appellant to be mentally competent to enter his pleas, found that Appellant's pleas were entered freely and voluntarily and assessed punishment, as recommended by the prosecuting attorney and agreed to by the defendant and his counsel. Neither Appellant's pleadings on appeal nor his notice of appeal states that the trial court granted permission to appeal or specified those matters which were raised by written motion and ruled on before trial.[4] No written motions were filed by Appellant, nor otherwise ruled upon by the trial court, save and except Appellant's request for referral of the instant case to a magistrate for purposes of entering his plea and to "receive the punishment and results contemplated by the plea bargain agreement of the parties."

## II. DISCUSSION

In Points of Error Nos. One, Two and Three, respectively, Appellant advances the following grounds of error on appeal: (1) the evidence is insufficient to support his conviction; (2) the magistrate, acting as the trial judge, failed to preside in a neutral and detached manner, thereby prejudicing his right to a fair trial; and, (3) he was denied effective assistance of counsel. The State contends that Appellant is precluded from raising the above three points of error insofar as they are nonjurisdictional in

nature, and further, that Appellant's notice of appeal does not comply with the mandatory language of Rule 40(b)(1) of the Texas Rules of Appellate Procedure. We agree.

Rule 40(b)(1) provides that where a defendant pleads guilty and the trial court assesses punishment in accordance with the plea bargain, "in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial." Tex. R.App.P. 40(b)(1).

■■■ Rule 40(b)(1) is a restrictive rule in that it regulates the extent of the grounds upon which a criminal defendant can appeal. *Jones v. State*, 796 S.W.2d 183, 186 (Tex.Crim.App.1990). If a defendant wishes to appeal a matter "which is nonjurisdictional in nature or occurred prior to the entry of his plea, then he must conform to the requirements of the statute and include within his notice what the grounds of appeal are and the fact that he has received the permission of the trial court to appeal those matters." *Id.*

■■■ As noted above, neither "Appellant's Pleadings on Appeal," nor his notice of appeal contain a statement that the trial court granted permission to appeal, nor does he claim that he raised the issues on appeal by written motion prior to entry of the plea. Thus, we conclude that Appellant has waived any nonjurisdictional error.[5]

---

charging instrument, including any amendments or modifications thereto and confessed that he did unlawfully commit the said offense in Dallas County, Texas on June 3, 1991.

**4.** A copy of the document entitled *Defendant's Pleadings on Appeal,* filed by Appellant who was then incarcerated in the Dallas County Jail, is attached to this opinion as Exhibit I. Of note is Appellant's request for appointment of counsel "other than trial counsel." Specifically, the pleadings, prepared by Ross Teter, Counsel on Appeal, requests that he be appointed on appeal and that he consents to such appointment at public expense. At oral argument, Counsel of Appeal acknowledged that he prepared and caused to be filed in the courts of our state, in excess of 1,500 such documents. See Tex.Penal

Code Ann. § 38.12; Tex.Disciplinary R.Prof.Conduct 8.04(a)(8) (1990) reprinted in Tex.Gov't Code Ann., tit. 2, subtit. G app. (Vernon Supp.1993) (State Bar Rules art. X, § 9).

**5.** In Point of Error No. Three, Appellant asserts that he was denied effective assistance of counsel. Appellant does not complain on appeal, however, that any such purported ineffective assistance of counsel rendered his guilty plea involuntary. Tex.R.App.P. 40(b)(1) does not preclude a defendant from challenging the voluntariness of his guilty plea on appeal, even where the trial court did not grant permission to appeal. *Rodriguez v. State*, 850 S.W.2d 603, 605–06 (Tex.App.—El Paso, 1993 no pet.); *Soto v. State*, 837 S.W.2d 401, 403–404 (Tex.App.—Dallas 1992, no pet.). Thus, we conclude that

*See Id.* at 186–87; *Shafer v. State*, 842 S.W.2d 734, 736 (Tex.App.—Dallas 1992, pet. ref'd). Accordingly, Points of Error Nos. One, Two and Three are dismissed.

■ In Point of Error No. Four, Appellant claims that he was denied due process of law through the trial court's failure to make a judicial determination of indigency prior to ordering his imprisonment for failure to pay court costs.[6] The record in this cause clearly does not support any such claim. We will consider this point solely because it involves an alleged sentencing error that occurred after Appellant freely and voluntarily pleaded guilty. *See Jones v. State*, 796 S.W.2d at 183, 186; *Shafer v. State*, 842 S.W.2d at 734, 736.

Appellant relies on *Tate v. Short*, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), for the proposition that incarcerating an indigent for failing to pay a fine violates the indigent's right to equal protection under the law because it discriminates against the person based on his economic status. Appellant argues that upon completion of his 10–year prison term, the court will require him to serve an additional period of imprisonment to satisfy the fine and costs assessed against him. Appellant additionally maintains that at that time, he will be subjected to a violation of his constitutional rights of equal protection.

Appellant's third point of error is nonjurisdictional and is waived. *See Id.*

6. We note that Appellant maintains that he was imprisoned due to his failure to pay court costs

In *Tate*, the United States Supreme Court stated that putting a person in prison for failure to immediately pay a fine violates the equal protection clause of the Fourteenth Amendment of the United States Constitution. *Tate*, 401 U.S. at 398–99, 91 S.Ct. at 670–71; see U.S. Const. amendment XIV. The *Tate* Court also noted that the State may not impose a fine as a sentence and then automatically convert the fine to a jail term if an indigent defendant cannot pay the fine in full. *Tate*, 401 U.S. at 398, 91 S.Ct. at 670–71. In the instant case, Appellant's 10–year prison term commenced on September 5, 1991. He has not shown that he has completed his prison term, or of greater significance, that he is being confined **due to his failure to pay his court costs.** The record is wholly devoid of any indication that Appellant's court costs will automatically convert to a jail term if he cannot pay it. In short, Appellant makes no claim that his imprisonment violates the Texas Constitution, nor has he shown that his sentence violates his right to equal protection under the Fourteenth Amendment of the United States Constitution. See *Shafer*, 842 S.W.2d at 736; *see also Walker v. State*, 843 S.W.2d 716, 718 (Tex.App.—Dallas 1992, pet. filed). Accordingly, Point of Error No. Four is overruled.

Having overruled each of Appellant's four points of error, the judgment of the trial court is affirmed.

assessed at $84.50. He makes no complaint of the $500 fine he is required to pay and thus assume that payment of the fine is not in dispute.