**James SHIVERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–92–00225–CR.

Court of Appeals of Texas, El Paso.

Feb. 9, 1994.

Rehearing Overruled March 10, 1994.

Ross Teter, Dallas, for appellant.

John Vance, Criminal Dist. Atty., Dallas, for appellee/State.

Before BARAJAS, C.J., and KOEHLER and LARSEN, JJ.

### OPINION ON MOTION FOR REHEARING

BARAJAS, Chief Justice.

We grant Appellant's motion for rehearing, withdraw our opinion and judgment of January 7, 1994, and substitute the following opinion.

This is an appeal from a conviction for the offense of possession of cocaine. Upon a finding of guilt by the trial court, punishment was assessed at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of 40 years. We affirm the judgment of the trial court.

## I.  *SUMMARY OF THE EVIDENCE*

Appellant pleaded guilty to the trial court without the benefit of a recommendation from the prosecutor on February 19, 1992. The court found Appellant guilty, and on March 27, 1992, assessed his punishment at 40 years' confinement. On April 9, 1992, Appellant, acting *pro se* but presumably with the advice of counsel, signed and filed a preprinted document which was entitled "Defendant's Notice of Appeal, Proof of Indigency, Designation of Record & Request for Appointment of Counsel".[1]

The form contains a notice of appeal and a paragraph entitled "Indigency of Defendant". The paragraph relating to the indigency claim reads as follows:

Pursuant to *Chapter 32, Texas Civil Practice and Remedies Code,* Defendant states under penalty of perjury that he is presently incarcerated in the hereinafter named penal institution and that he is an indigent person without financial means to employ counsel or to pay any of the costs relating to the preparation of a record of trial on appeal. This Court has previously made a finding that Defendant is indigent and that adjudication of indigency has not been modified or set aside.

The designation of record on appeal is found in a separate paragraph and is as follows:

Defendant moves for the Court to order the Court Clerk and the Court Reporter to prepare for filing a record of trial at no cost to him. Defendant designates for inclusion in such record the indictment or information, docket sheet, all warrants and affidavits of probable cause, the Judgment, the Sentence, all bills of exception, Defendant's affidavits of indigency, all motions and other pleadings of the parties, all orders of the Court, presentence report and all reports and notes relating to Defendant and this cause prepared by a probation officer acting under the direction of the Court, *statement of facts relating all evidence presented in this cause.* [Emphasis added].

In this same form, Appellant alleged that the trial court failed to recuse himself and that trial counsel was ineffective for failing to properly advise him.[2] Neither of these claims have been raised as points of error on appeal. By this same document, Appellant moved the trial court to appoint Ross Teter as his appellate counsel of choice. Although there is no evidence in the appellate record that Appellant's motion for a free statement of facts was presented to the trial court, or that an indigency hearing was held, or that Teter was ever appointed by the trial court, the record does reflect the entry of appearance of Ross Teter, Attorney at Law, of Dallas, Texas, acting on behalf of Appellant. During the course of this appeal and after filing numerous motions on behalf of Appellant, Teter advised this Court that he was not Appellant's attorney since he had not been appointed to represent him. He suggested that the appointment of trial counsel had never been terminated. We ordered the trial court to hold a hearing to determine who represented Appellant on appeal. After that hearing, the trial court made a finding of fact that Teter was retained to represent Appellant on this appeal. We will not disturb that finding.

After several extensions of time were granted, the statement of facts was filed on

---

1. The two-page document contains a notice of appeal followed by statements concerning: whether or not there was a plea bargain, whether or not the plea bargain was followed by the court, insufficient evidence, imprisonment for debt, ineffective assistance of counsel, failure of trial judge to recuse, and no waiver of appeal. Before each of the statements was a small square. Presumably, the *pro se* defendant was expected to check off all allegations which applied to his particular case. For an example of similar pleadings prepared and filed by appellate counsel Teter, *see Young v. State,* 850 S.W.2d 768, 770 n. 4 (Tex.App.—El Paso 1993, no pet.).

2. Appellant was represented by different counsel at trial.

September 7, 1993. We have reviewed the statement of facts and note that it does not contain a transcription of the entire guilty plea. The statement of facts contains the conclusion of the guilty plea and the sentencing which occurred on March 27, 1992, but does not contain the initial portions of the guilty plea which occurred on February 19, 1992. The record does not reflect who paid for the partial statement of facts that was filed.

## II. *DISCUSSION*

In a single point of error, Appellant contends that he was denied a free statement of facts on appeal, and consequently, is entitled to a new trial under TEX.R.APP.P. 50(e). Although Appellant bases his point of error on Rule 50(e), he does not claim on appeal that he has been denied the statement of facts because the court reporter's notes from his guilty plea have been lost or destroyed. Thus, Rule 50(e) has no application here. He argues that he should have been provided with the statement of facts from his guilty plea free of charge because he satisfied all of the requirements of TEX.R.APP.P. 53(j)(2). We do not agree.

It is the duty of the trial court to provide an indigent defendant with an adequate record on appeal. *Snoke v. State,* 780 S.W.2d 210, 212 (Tex.Crim.App.1989); *Abdnor v. State,* 712 S.W.2d 136, 139 (Tex. Crim.App.1986). However, a defendant is not entitled to a free statement of facts on appeal absent proof of indigency. *Rosales v. State,* 748 S.W.2d 451, 453 (Tex.Crim.App. 1987), *cert. denied,* 487 U.S. 1241, 108 S.Ct. 2917, 101 L.Ed.2d 949 (1988); *Skidmore v. State,* 808 S.W.2d 708, 709 (Tex.App.—Texarkana 1991, no pet.).

The procedure by which a defendant can obtain a record is set out in TEX.R.APP.P. 53(j)(2), which provides:

> Within the time prescribed for perfecting the appeal an appellant unable to pay for the statement of facts may, by motion and affidavit, move the trial court to have the statement of facts furnished without charge. After hearing the motion, if the court finds the appellant is unable to pay for or give security for the statement of facts, the court shall order the court reporter to furnish the statement of facts, and when the court certifies that the statement of facts has been furnished to the appellant, the court reporter shall be paid from the general funds of the county, by the county in which the offense was committed the sum set by the trial judge. [Emphasis added].

While a pauper's affidavit was at one time sufficient to trigger a free transcript, this is no longer the case. *Rosales,* 748 S.W.2d at 455; *Tafarroji v. State,* 818 S.W.2d 921, 923 (Tex.App.—Houston [14th Dist.] 1991, no pet.). By virtue of Rule 53(j)(2), the burden of filing an affidavit of indigency *and* sustaining the allegations in his affidavit at the subsequent hearing is upon the appellant. *Rosales,* 748 S.W.2d at 453; *Tafarroji,* 818 S.W.2d at 923; *Skidmore,* 808 S.W.2d at 710. A defendant who claims indigency and requests a statement of facts without charge must exercise due diligence in asserting his indigency, including the timely filing of the affidavit. *Snoke,* 780 S.W.2d at 212–13; *Abdnor,* 712 S.W.2d at 140–41; *Skidmore,* 808 S.W.2d at 710. Thus, the determination of indigency is vested in the sound discretion of the trial court, rather than providing an absolute right to a free transcript. *Rosales,* 748 S.W.2d at 455; *Tafarroji,* 818 S.W.2d at 923. The determination of indigence is to be made at the time of appeal, and not at the time of trial. *Barber v. State,* 542 S.W.2d 412, 413 (Tex.Crim.App. 1976); *Skidmore,* 808 S.W.2d at 710.

Appellant contends that his statements contained within the paragraph entitled "Indigency of Defendant" constitute an unsworn declaration within the meaning of TEX.CIV. PRAC. & REM.CODE ANN. §§ 132.001–132.003 (Vernon Supp.1994), and thus, he satisfied the affidavit requirement of Rule 53(j)(2). Chapter 132 of the Texas Civil Practice and Remedies Code provides for unsworn declarations by inmates in lieu of "written sworn declaration, verification, certification, oath, or affidavit." TEX.CIV.PRAC. & REM.CODE ANN. § 132.001(a) (Vernon Supp.1994); *Carson v. Gomez,* 841 S.W.2d 491, 492 (Tex.App.—Houston [1st Dist.] 1992, no pet.). The unsworn declaration must be in writing and

"subscribed[3] by the person making the declaration as true under penalty of perjury." TEX.CIV.PRAC. & REM.CODE ANN. § 132.002(1, 2) (Vernon Supp.1994); *see Carson,* 841 S.W.2d at 492. Section 132.003 sets out the form of declaration that must be substantially followed.[4] *Carson,* 841 S.W.2d at 492.

Several courts have determined whether particular declarations substantially complied with Sections 132.002 and 132.003. In *Ex parte Johnson,* 811 S.W.2d 93, 97 (Tex.Crim. App.1991), the Court of Criminal Appeals held that a certificate of verification in which the applicant declared that "all allegations and statements in the foregoing Writ of Habeas Corpus are true and correct to the best of my knowledge" substantially complied with Sections 132.002 and 132.003. Similarly, in *Carson v. Gomez,* 841 S.W.2d 491, the Court of Appeals held that the signed declaration, "I swear the foregoing statements are true and correct", was in substantial compliance with Section 132.003. *Carson,* 841 S.W.2d at 492. In the case relied upon by Appellant, *Owens v. State,* 763 S.W.2d 489, 492 (Tex.App.—Dallas 1988, pet. ref'd), the defendant attached the following "affidavit" to his motion for new trial: "I, the undersigned, being presently incarcerated in a penal institution, do hereby declare under oath and penalty of perjury that the facts, statements and allegations set forth in the foregoing Motion for New Trial are within my personal knowledge and are true and correct." *Owens,* 763 S.W.2d at 490. The Dallas Court of Appeals held that the declaration substantially complied with the requirements of Sections 132.001–003. *Carson,* 841 S.W.2d at 490. The same result was reached under very similar facts in *McMillan v. State,* 769 S.W.2d 675, 677 (Tex.App.—Dallas 1989, pet. ref'd).

We find the statement made in the instant case to be different in form and distinguishable from the declarations made in *Johnson, Carson, Owens,* and *McMillan.* In each of those cases, the pleading in question contained an unsworn declaration and signature at its conclusion which clearly evidenced the declarant's conscious intention to affirm the truth of the statements of fact made therein by his signature. There is no similar declaration at the conclusion of Appellant's pleadings, nor is there anything to indicate that Appellant intended to attest to the truth of the statements by affixing his signature to the document. We find that Appellant's statement made in the "Indigency of Defendant" paragraph wholly fails to comply with Sections 132.002 and 132.003. Because Appellant did not exercise due diligence in asserting his claimed indigency by timely filing an affidavit, or proper unsworn declaration in lieu thereof, as required by Rule 53(j)(2), he is not entitled to a free statement of facts on appeal. *See Snoke,* 780 S.W.2d at 213.

Even if we were to conclude that Appellant's unsworn statements substantially complied with Sections 132.002 and 132.003, a different result would not be required. Merely filing the motion and unsworn declaration did not make out a *prima facie* showing of indigency. *See Snoke,* 780 S.W.2d at 212–13. In order to prevail in a claim of indigency, a party must not only file a pauper's oath in a timely manner, but must also sustain the allegations of his affidavit at the subsequent hearing on the motion. *See Snoke,* 780 S.W.2d at 212–13; *Tafarroji,* 818 S.W.2d at 923; *Skidmore,* 808 S.W.2d at 710. There is no evidence in the record that Appellant's motion and affidavit were presented to the trial court or that he requested a hearing on his motion. Further, there is no evidence in the record to indicate that a hearing was ever held. We have found no order denying Appellant's motion for a free statement of facts in the appellate record.

**3.** "Subscribe" is defined as: Literally to write underneath, as one's name. To sign at the end of a document. "Subscriber" means: One who affixes his signature to any document, whether for the purpose of authenticating or attesting it. BLACK'S LAW DICTIONARY 1279 (5th ed. 1979).

**4.** The form of a declaration under this chapter must be substantially as follows: "I, (insert name and inmate identifying number from Texas Department of Corrections or county jail), being presently incarcerated in (insert Texas Department of Corrections unit name or county jail name) in _____ County, Texas, declare under penalty of perjury that the foregoing is true and correct. Executed on (date). (signature)" TEX. CIV.PRAC. & REM.CODE ANN. § 132.003 (Vernon Supp.1994).

By failing to present his motion and unsworn declaration to the trial court for a hearing and ruling, we find that Appellant not only failed to exercise diligence in presenting his claim to the trial court, but also failed to sustain his burden of establishing his indigency. *See Snoke,* 780 S.W.2d at 212–13; *Tafarroji,* 818 S.W.2d at 923; *Skidmore,* 808 S.W.2d at 710. To hold otherwise would not only be contrary to Rule 53(j)(2) and the applicable case law, but would also be inconsistent with the well-established requirement that, in order to preserve a complaint for appellate review, a party must present to the trial court a timely motion and obtain an adverse ruling. TEX.R.APP.P. 52(a); *McFarland v. State,* 845 S.W.2d 824, 842 (Tex.Crim. App.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993); *Cline v. State,* 770 S.W.2d 844, 847 (Tex.App.—Texarkana 1989, no pet.); *Aranda v. State,* 640 S.W.2d 766, 776 (Tex.App.—San Antonio 1982, no pet.). Point of Error No. One is overruled.

Having overruled Appellant's sole point of error, the judgment of the trial court is affirmed.