Tina Louise CRAUDER, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–95–00123–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 10, 1996.

Logene L. Foster, Sugar Land, for appellant.

Julie Klibert, Houston, for appellee.

Before SEARS, CANNON and BROOKSHIRE, JJ.[1]

1. Panel sitting by assignment.

## OPINION

SEARS, Justice.

This is an appeal from the trial court's denial of appellant's application to proceed as an indigent. Appellant claims the trial court erred in denying her indigency status and a free statement of facts. We agree.

On November 16, 1994, a jury found appellant guilty of voluntary manslaughter and sentenced her to imprisonment in the Institutional Division of the Texas Department of Criminal Justice for ten (10) years. TEX. PENAL CODE ANN. § 19.05 (Vernon 1994). Appellant filed a timely motion for new trial and amended the motion on December 8, 1994. On January 30, 1995, the trial court denied appellant's motion for new trial and conducted an indigency hearing. After the trial court denied appellant's request for indigency status and a free statement of facts, appellant filed a timely notice of appeal.

In one point of error, appellant contends that the trial court erred in denying her indigency status and a free statement of facts.

A trial court has a duty to provide an indigent defendant with an adequate record on appeal. *Abdnor v. State*, 712 S.W.2d 136, 139 (Tex.Crim.App.1986); *Simmons v. State*, 511 S.W.2d 308, 310 (Tex.Crim.App. 1974). Because there are no rigid standards to guide the trial court in its determination of indigency, each case must be decided on its own merits. *See Snoke v. State*, 780 S.W.2d 210, 212 (Tex.Crim.App.1989). To establish indigency and obtain a free statement of facts, the defendant must (1) exercise due diligence in asserting her indigency, including the timely filing of her affidavit; and (2) prove the allegations of indigence alleged in her affidavit at the hearing on the application to proceed as an indigent. *See Abdnor*, 712 S.W.2d at 140–41; *See also* TEX.R.APP.P. 53(j)(2). The defendant bears the burden of going forward with evidence to substantiate her affidavit. Once she has met this burden, the burden shifts to the State to persuade the court that the defendant is not indigent. *Snoke*, 780 S.W.2d at 213.

The court must consider *only* the defendant's personal financial condition, not those of his parents, other relatives, friends, or employers.[2] *Id.*; *Tafarroji v. State*, 818 S.W.2d 921, 923 (Tex.App.—Houston [14th Dist.] 1991, no pet.). Indigency is to be determined at the time the appeal is filed, not at the time of trial. *Snoke*, 780 S.W.2d at 213. The fact that appellant is able to make bail, file an appeal bond, and retain counsel at trial is *not* determinative of the appellant's indigency *at the time of appeal.* *See Hicks v. State*, 544 S.W.2d 424, 425 (Tex. Crim.App.1976); *Tafarroji*, 818 S.W.2d at 923.

At the indigency hearing in January, 1995, appellant testified that she had worked as a pharmacy technician for five years, but lost her job in November, 1994, when she was convicted. During December, 1994, her father suffered a massive heart attack and was in intensive care for two weeks. Despite her family problems, appellant worked at a church for two weeks, and, at the time of the January hearing, had secured a temporary job at an inventory company.

Appellant has custody of her two children, but she receives no child support. The oldest daughter lives with her father, and because of financial difficulties, appellant and her younger child live with her ex-husband. Appellant also testified that she receives food stamps, has no credit cards, or money in the bank. Appellant pays $300 a month for her sole possession, a car. Under oath, appellant testified that she has earned approximately $700 since her conviction.

The State claims that appellant has not diligently searched for employment. Appellant admitted on cross-examination that she had sent out only four or five job applications in the ten weeks since her conviction. Because she is a certified pharmacy technician, appellant had been searching for work in the medical field. However, no one would hire her because of her conviction.

Appellant had prior work experience in fast food restaurants, a department store, a

2. Spouses are an exception to this rule. *See Rosales v. State*, 748 S.W.2d 451 (Tex.Crim.App. 1987) (community property and spouse's earnings considered in determination of indigency).

plumbing company, a chicken processing plant, and pet stores. The State argues that appellant should have been looking for employment in these lower paying jobs as well. Appellant testified that she had not yet attempted to obtain employment in these areas.

The crux of the state's rebuttal evidence seems to be the admission by appellant that she had only sent out four or five job applications during the ten weeks after her conviction. The State focused on appellant's unsuccessful job search during the two and one-half month holiday period that includes Thanksgiving, Christmas and New Year. The State's argument is not sufficient to rebut appellant's evidence supporting her claim of indigency *at the time she filed the appeal.* At the indigency hearing, the court reporter estimated that the cost of the statement of facts would be between $2,500—$3,500, an amount far in excess of appellant's financial means. Appellant's attorney is proceeding with her appeal *pro bono,* and appellant is unable to pay for the expenses of her appeal. Although the trial court is in the best position to judge the credibility of the witnesses, we find the state has failed to adequately rebut the prima facie proof of indigency. Therefore, we hold that appellant is indigent and is entitled to a free statement of facts.

We reverse the trial court's ruling and remand the cause for proceedings consistent with this opinion.