

# In the Court of Criminal Appeals of Texas

No. WR-94,828-01

EX PARTE RALPH BENNETT FULLER, JR.,

*Applicant*

On Application for Writ of Habeas Corpus
In Cause No. W09-56881-S(A) in the 282nd District Court
Dallas County

YEARY, J., filed a dissenting opinion in which SLAUGHTER, J., joined.

Under a plea agreement for the offense of evading arrest with a vehicle, a state-jail felony, the trial court sentenced Applicant to confinement for two years in the state jail, and it then suspended his sentence and placed him on community supervision. The trial court later revoked Applicant's community supervision, but instead of ordering him

to serve his two-year sentence in the state jail, the judgment revoking community supervision inexplicably ordered his sentence to be served in the penitentiary. This was error. Applicant should have been ordered to serve his sentence in a state jail facility. Whether it was clerical error or an error in judgment, the record does not presently demonstrate.

In view of this manifest error, the Court today sets aside the judgment revoking supervision in Applicant's case and remands him to the custody of the Dallas County Sheriff "to answer the charges as set out in the motion to revoke supervision." In other words, to begin again with the revocation proceeding from square one. This seems like greater relief than Applicant has demonstrated he is entitled to. The only error demonstrated here is that Applicant was ordered to serve his sentence in the wrong place. No error has been shown regarding either the finding of Applicant's guilt, the subsequent revocation of his community supervision, or the duration of his sentence: confinement for two years. The only question is whether he has been ordered to serve that confinement in the right location: in the penitentiary rather than a state jail facility.

Indeed, I must wonder whether, if this is the extent of Applicant's complaint, his claim is even cognizable in post-conviction habeas corpus pleadings in the first place. He does not challenge the fact or duration of his confinement under his guilty plea, but only the circumstances under which he must serve his sentence. *See In re Daniel*, 396 S.W.3d 545, 548 (Tex. Crim. App. 2013) (refusing to entertain a purported post-conviction writ application under Article 11.07 predicated solely upon a claim that challenged neither the fact nor length of the applicant's confinement).

The Court should explore the possibility of treating Applicant's pleading as an application for writ of mandamus, as it did in *Daniel*. *See id*. at 549 ("It has long been our practice with respect to pleadings in extraordinary matters to look to the substance of the pleading, not its denomination."). It is arguable that, if Applicant can show (as seems likely) that he has no other remedy and that the trial court has a ministerial duty to make the judgment of revocation reflect the proper forum for serving his sentence, then in our mandamus capacity, we might legitimately order the convicting court to simply reform the judgment revoking community supervision to reflect that the sentence shall be served in a state jail facility, since it was without authority to order the sentence to be served in the penitentiary in the first place. *See id*. (holding the applicant's claim not to be actionable as a post-conviction habeas corpus proceeding but granting him relief under the criteria for mandamus).[1]

Even if the Court deems Applicant's claim to somehow constitute

---

[1] The Court has said that it has no capacity to directly reform a criminal judgment in post-conviction habeas corpus proceedings because an application for post-conviction habeas corpus constitutes a "collateral attack" on the judgment. *See, e.g.*, *Ex parte Young*, 479 S.W.2d 45, 47 (Tex. Crim. App. 1972) ("The judgment and sentence are incorrect and should be reformed; however this court is without the authority to reform in a habeas corpus action."); *Ex parte Morris*, 171 Tex. Crim. 499, 504, 352 S.W.2d 125, 129 (1961) ("This being a collateral attack upon a judgment by habeas corpus, this Court has no authority to reform the judgment."). And yet, the Court has done so on occasion. *See Ex parte Johnson*, 697 S.W.2d 605, 608 (Tex. Crim. App. 1985) (reforming judgment to delete an unauthorized fine in a post-conviction habeas corpus proceeding, without reference to the prior cases cited above). Even if we are without authority to reform in post-conviction habeas proceedings, we might be free to order the convicting court to reform the judgment if a mandamus applicant can satisfy the criteria for relief in such a proceeding.

a challenge to the fact or duration of his confinement, and therefore to be properly the subject of post-conviction habeas corpus scrutiny, it still should not automatically grant Applicant a new revocation proceeding. It should at least first remand the case to the convicting court for a determination in the first instance whether the error in the judgment revoking community supervision was one of a clerical nature. *See Blanton v. State*, 369 S.W.3d 894, 898 (Tex. Crim. App. 2012) ("Corrections to the record [via judgment *nunc pro tunc*] are limited to clerical errors and are not appropriate for errors involving judicial reasoning."). Because if it was, the convicting court could simply correct the judgment itself in a *nunc pro tunc* action, and the matter would be appropriately resolved without overturning the whole applecart.

Because the Court grants too great a form of relief without even exploring these potential alternative approaches, I respectfully dissent.

**FILED:**                                              November 8, 2023
**PUBLISH**