Arthur W. CARSON, Appellant,

v.

G.J. GOMEZ, James O. Sloan, Jr., Jesse R. Rolan, and Garry W. Lowe, Appellees.

No. 01–92–00153–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 29, 1992.

Rehearing Denied Dec. 10, 1992.

Arthur W. Carson, Huntsville, for appellant.

Dan Morales, Will Pryor, Mary F. Keller, Michael P. Hodge, Bridget Robinson, Austin, for appellees.

Before SAM BASS, COHEN and JONES, JJ.

OPINION

SAM BASS, Justice.

This appeal concerns the dismissal, under section 13.001 of the Civil Practice and Remedies Code, of a suit brought *in forma pauperis.*

We reverse and remand.

Appellant, Carson, a prison inmate, brought a pro se action *in forma pauperis* against the warden and several employees of the state prison. The petition asserted causes of action under the Texas Tort Claims Act, TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986), and 42 U.S.C. § 1983 (1986). Appellees answered and filed a motion to dismiss on November 4, 1991. Carson filed a motion to recuse the trial court judge on December 11, 1991, under section 74.059 of the Government Code and rule 18a of the Rules of Civil Procedure. TEX.GOV'T CODE ANN. § 74.059 (Vernon 1988); TEX.R.CIV.P. 18a. The judge neither referred the motion nor recused himself. On December 27, 1991, the trial judge signed the order of dismissal, citing section 13.001(a)(2) of the Civil Practice and Remedies Code. TEX.CIV.PRAC. & REM.CODE ANN. § 13.001(a)(2) (Vernon Supp.1992).

■ Appellant asserts the trial judge was without jurisdiction to dismiss. Once a motion to recuse has been filed, the trial judge has only two options, recusal or referral. TEX.R.CIV.P. 18a(c). Rule 18a(d) provides:

If the judge declines to recuse himself, he shall forward to the presiding judge of the administrative judicial district, in either original form or certified copy, an order of referral, the motion, and all opposing and concurring statements. Except for good cause stated in the order in which further action is taken, the judge shall make no further orders and shall take no further action in the case after filing of the motion and prior to a hearing on the motion.

TEX.R.CIV.P. 18a(d).

Appellees assert the motion for recusal did not require a ruling because it was procedurally defective, in that it was not verified and was filed as a "request" rather than a motion, and because it failed to state valid grounds for recusal.

■ Chapter 132 of the Civil Practices and Remedies Code provides for unsworn declarations by inmates in lieu of "written sworn declaration, verification, certification, oath, or affidavit." TEX.CIV.PRAC. & REM.CODE ANN. § 132.001(a) (Vernon Supp. 1992). The unsworn declaration must be in writing and "subscribed by the person making the declaration as true under penalty of perjury." TEX.CIV.PRAC. & REM.CODE ANN. § 132.002 (Vernon Supp.1992). Section 132.003 sets out the form of declaration that must be substantially followed. TEX.CIV.PRAC. & REM.CODE ANN. § 132.003 (Vernon Supp.1992).

Appellant made the following signed declaration: "I swear the foregoing statements are true and correct." In *Ex parte Johnson,* the Court of Criminal Appeals held the unsworn declaration "that all allegations and statements in the foregoing Writ of Habeas Corpus are true and correct to the best of my knowledge" substantially complied with the form required by section 132.003. *Ex parte Johnson,* 811 S.W.2d 93, 97 (Tex.Crim.App.1991).

Appellant has substantially complied with section 132.003; therefore, his motion was adequately verified.

Rule 71 provides that if, "a party has mistakenly designated any plea or pleading, the court, if justice so requires, shall treat the plea or pleading as if it had been properly designated." TEX.R.CIV.P. 71. This pleading was intended as a motion for recusal.

■ Even if the motion were procedurally defective, the trial judge should have

referred the motion so that another judge would make that determination. The Dallas Court of Appeals has held that "a recusal motion invokes both statute and rule the instant the motion is filed and the judge named in the motion shall recuse or refer without regard to the 'procedural sufficiency' of the motion itself." *Greenberg, Fisk, & Fielder v. Howell,* 676 S.W.2d 431, 433 (Tex.App.—Dallas 1984, no writ).

Appellees state that rule 18a is not triggered unless the motion states valid grounds for recusal, citing *Texaco v. Pennzoil,* 729 S.W.2d 768, 846 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), *cert. denied,* 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988). In *Texaco,* this Court stated that "mere allegations of bias and prejudice" were insufficient to establish a constitutional violation that would require the recusal of the judge. 729 S.W.2d at 845. In that case, the motion had been referred to another judge who found that there was no basis for the recusal. 729 S.W.2d at 842. The issue was not whether the motion should have been referred, but whether the judge that heard the motion should have found grounds for recusal.

■ There are no Texas Supreme Court cases that address the procedures required after a motion to recuse has been filed under Rule 18a. In *McLeod v. Harris,* 582 S.W.2d 772 (Tex.1979), the supreme court interpreted a statute, subsequently codified as section 74.059 of the Government Code, which provided that a "district or statutory county court judge shall request the presiding judge to assign a judge of the administrative district to hear any motions to recuse such district judge from a case pending in his court." Tex.Gov't Code Ann. § 74.036 (Vernon 1986) (formerly Tex.Rev. Civ.Stat.Ann. art. 200a, § 6). When a motion to recuse has been filed, it is mandatory that the trial judge request the administrative judge to assign another judge to hear the motion. *McLeod,* 582 S.W.2d at 773.

Appellees cite two other cases in support of their contention that the motion did not trigger a mandatory hearing by another judge prior to further action. Appellees'

brief suggests that *Arnold v. State,* 778 S.W.2d 172 (Tex.App.—Austin 1989, pet. granted), held that "allegations of impartiality and bias, absent supporting facts based on the personal knowledge of appellant" render a motion for recusal ineffective under Rule 18a. The *Arnold* case does not support this contention because it is a criminal case in which the court held that rule 18a, a rule of civil procedure, did not apply. 778 S.W.2d at 179.

Appellees also cite *Watkins v. Pearson,* 795 S.W.2d 257 (Tex.App.—Houston [14th Dist.] 1990, writ denied), which involved a motion for recusal that was not timely filed under the rules. The judgment issued by the trial court in *Watkins* stated on its face that the motion for recusal had not been timely filed. 795 S.W.2d at 259. The judgment thus satisfied Rule 18a's requirement that the judge take "no further action prior to a hearing on the motion, *unless good cause is stated in the order* in which further action is taken." Tex.R.Civ.P. 18a(c) (emphasis added).

In the instant case, the trial judge ruled on the motion to dismiss without any statement regarding the motion for recusal or good cause to proceed without a hearing on the motion.

Appellant's first point of error is sustained.

■ Appellant also urges that the trial judge abused his discretion by dismissing under section 13.001 of the Civil Practices and Remedies Code. That statute provides:

(a) A court in which an affidavit of inability to pay under Rule 145, Texas Rules of Civil Procedure, has been filed may dismiss the action on a finding that:

(1) the allegation of poverty in the affidavit is false; or

(2) the action is frivolous or malicious.

(b) In determining whether an action is frivolous or malicious, the court may consider whether:

(1) the action's realistic chance of success is slight;

(2) the claim has no arguable basis in law or in fact; or

(3) it is clear that the party cannot prove a set of facts in support of the claim.

(c) An action may be dismissed under Subsection (a) as frivolous or malicious either before or after service of process.

TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1992).

 The standard of review of a dismissal under section 13.001 is abuse of discretion. *Spellmon v. Sweeney,* 819 S.W.2d 206, 211 (Tex.App.—Waco 1991, no writ); *Johnson v. Peterson,* 799 S.W.2d 345, 346 (Tex.App.—Houston [14th Dist.] 1990, no writ). The trial court has broad discretion in making this determination at any time, even before service of process. 799 S.W.2d at 346.

The Texas Supreme Court has accepted the analogy of section 13.001 to 28 U.S.C. § 1915(d) (1989), which allows dismissal of frivolous or malicious actions in federal court. *Johnson v. Lynaugh,* 796 S.W.2d 705, 706 (Tex.1990). Citing *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989), the court suggested that only section 13.001(b)(2), which provides for dismissal if the claim has no arguable basis in law or in fact, may remain as a proper factor to be considered in dismissing an action. *Johnson v. Lynaugh,* 796 S.W.2d at 706. Therefore, before dismissing the action under section 13.001(b)(2), the petition "must receive judicial examination for a determination of its basis in fact and in law." *Spellmon,* 819 S.W.2d at 210.

The petition states no cause of action under the Texas Tort Claims Act because there is no assertion of an injury arising from "the operation or use of a motor-driven vehicle or motor-driven equipment." TEX.CIV.PRAC. & REM.CODE ANN. § 101.-021(1)(A) (Vernon 1986).

Carson has a possible claim under 42 U.S.C. § 1983. He asserts:

> On June 6, 1991, G.J. Gomez and J. Sloan, failed to properly classify my Job assignment compatible with my Health and medical Status. *I have high Blood, and cannot withstand excessive Heat as in the atmosphere in the Kitchen, where I am currently assigned. It should be further noted, I cannot do any prolong standing, which my current assignment requires, such conduct represent a deliberate indifference to my Medical needs ....*

In *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the United States Supreme Court held "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the eighth amendment." 429 U.S. at 104, 97 S.Ct. at 291 (citations omitted); U.S. CONST. amend. VIII. The Court also stated, "[r]egardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." 429 U.S. at 105, 97 S.Ct. at 291.

The petition raises a potential section 1983 claim under the eighth amendment.

Appellant's second point of error is sustained.

We reverse the judgment and remand the cause.