**Arthur W. CARSON, Relator,**

v.

**The Honorable William McADAMS, Presiding Judge of the 12th District Court of Walker County, Texas, Respondent.**

No. 01–93–00472–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 29, 1993.

Arthur Carson, Huntsville, for relator.

John B. Holmes, Houston, for respondent.

Before COHEN, O'CONNOR and HEDGES, JJ.

## OPINION

PER CURIAM.

Relator, a prison inmate, sued the warden and other employees of the state prison. The attorney general answered for the defendants, and moved to dismiss the suit as frivolous. Relator then moved to recuse the respondent trial judge, who neither referred the motion for hearing nor recused himself, but instead proceeded to hear and grant defendants' motion to dismiss. We reversed and remanded. *Carson v. Gomez*, 841 S.W.2d 491 (Tex.App.—Houston [1st Dist.] 1992, no writ).

Following remand, Judge McAdams complied with this Court's mandate, by referring relator's motion to recuse, and requesting that the presiding judge of the administrative district assign another judge to hear relator's motion. On February 5, 1993, a visiting judge, the Honorable H.D. Black, Jr., heard and denied relator's motion to recuse Judge McAdams. Shortly thereafter, relator filed a second motion to recuse Judge McAdams. The attorney general then filed a motion for sanctions against plaintiff, based on statements contained in relator's second motion to recuse.

The attorney general's response to relator's petition for writ of mandamus shows that Judge McAdams granted the motion for sanctions while relator's second motion for recusal was still pending. Relator asserts that the order imposing sanctions was an abuse of discretion. We agree.

The second motion for recusal was filed on or about February 16, 1993, after a hearing had been held on relator's first motion to recuse. The second motion alleged new grounds for recusal, i.e., that Judge McAdams sat on the advisory board of the prison museum and thus had a conflict of interest. In granting the sanctions sought by the attorney general, Judge McAdams ruled that relator's second motion for recusal was "groundless, false, brought in bad faith, and harassing." This was error.

Even if the finding is correct, a ruling on the merits of a recusal motion must be made by some other judge than the one whose recusal is sought. Tex.R.Civ.P. 18a. Moreover, the judge sought to be recused "shall make no further orders and shall take no further action in the case after the filing of the motion and prior to a hearing on the motion," except for good cause stated in the

order in which further action is taken. *Id.* No good cause is stated in the sanctions order. Thus, we order that it be set aside. We further order that the second motion to recuse be referred to the presiding judge of the administrative district for action, in compliance with TEX.R.CIV.P. 18a(c), (d). *See Carson,* 841 S.W.2d at 493.

We conditionally grant the writ of mandamus. We are confident respondent will vacate the sanctions order and refer the second recusal motion, in conformity with rule 18a. The writ will issue only if he fails to do so.