cv5-157.dd.thompson 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00157-CV







Lawrence Edward Thompson, Appellant



v.



Wayne Scott, Director, Texas Department of Criminal Justice--


Institutional Division, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 94-14478, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING







PER CURIAM



 Lawrence Edward Thompson appeals the trial court's dismissal of his petition for
injunction. Thompson, a state prisoner, complained below on several bases about being issued
unisex, flyless, pocketless pants. On Wayne Scott's motion, the trial court dismissed the case as
frivolous. See Tex. Civ. Prac. & Rem. Code Ann. § 13.001 (West 1991). We will affirm the
judgment.


BACKGROUND


 Thompson is imprisoned at Texas's Ellis II Unit. In the fall of 1994, the Ellis II
Unit shifted from button-fly pants with pockets to unisex, flyless, pocketless pants. The prisoners
in the medical transit unit of Ellis II were the only prisoners who continued to wear button-fly,
pocketed pants. Thompson claims that many prisoners in Ellis II have tested positive for the
Human Immunodeficiency Virus (HIV) or have developed Acquired Immune Deficiency
Syndrome as a result of HIV infection.

 Thompson contends that the wardrobe change injured him in many ways. He
contended that the unisex pants violated his constitutional right to freedom of religion by forcing
him to violate his belief, held as a member of The Lost-Found Nation of Islam under the direction
of the Honorable Silis Muhammad, that men cannot wear clothes that women wear. He also
alleged that the new pants denied him the right to express his manhood and exposed him to
taunting, ridicule, embarrassment, emasculation, and dehumanization. He contended that the
construction of the pants imperiled him in the restroom in two ways. He alleged that he had to
pull his pants halfway down his legs to urinate properly, hindering his ability to defend himself
from attack. He also contended that the elastic on the pants of prisoners who did not pull their
pants down sufficiently tended to snap back causing them to splash urine on bystanders; this
heightened his exposure to HIV.

 Scott moved to dismiss the case as frivolous. He stressed his immunity from suit. 
In his response, Thompson contended that Scott was not immune from a petition for injunctive
relief against a violation of Thompson's constitutional right to freedom of religion.

 The court dismissed the action without stating a basis after a hearing at 9:00 a.m.
on January 20, 1994. (1) We therefore do not consider the allegations made in Thompson's amended
petition, filed at 1:25 p.m. on January 20, 1994.


DISCUSSION


 By his sole point of error, Thompson contends that the trial court erred by
dismissing his claim as frivolous. We review the court's dismissal for abuse of discretion. 
Carson v. Gomez, 841 S.W.2d 491, 494 (Tex. App.--Houston [1st Dist.] 1992, no writ); Johnson
v. Lynaugh, 766 S.W.2d 393, 394 (Tex. App.--Tyler 1989), writ denied per curiam, 796 S.W.2d
705 (Tex. 1990).

 Thompson correctly asserts that his claim that the new pants violated his religious
freedom survived the immunity claim. Actions of a state official that are unconstitutional, illegal,
wrongful, or beyond statutory authority are not immunized by governmental immunity; also, a
suit seeking relief from the official's conduct is not one against the State. Oxford v. Hill, 558
S.W.2d 557, 560 (Tex. Civ. App.--Austin 1977, writ ref'd). Thompson alleged that Scott's
selection of the flyless pants violated Thompson's religious convictions. Thompson contended
that his religious beliefs barred him from wearing clothes that women wear. He alleged that the
new flyless pants were garments that women wear. Thompson sought to block the distribution
of the new pants in favor of the old pants.

 The court did not abuse its discretion in finding that his claim did not survive the
more general claim of frivolousness. We can take judicial notice of facts for the first time on
appeal. Office of Public Utility Counsel v. Public Utility Commission of Texas, 878 S.W.2d 598,
600 (Tex. 1994). We hereby take judicial notice of the fact that women also wear button-fly pants
with pockets. Were Thompson's requested relief granted, his condition would not improve. He
would still be wearing pants that women wear. The court did not abuse its discretion in finding
his claim frivolous because his requested relief would not change his condition.

 Scott is immune from the remainder of Thompson's complaints. Official immunity
protects governmental officers who are sued in their official capacity. City of Lancaster v.
Chambers, 883 S.W.2d 650, 653 (Tex. 1994). This immunity shields officers from suits against
them in their individual capacity complaining of actions taken while acting within the scope of
their authority and performing discretionary duties in good faith. Id. The act of deciding what
type of pants prisoners will wear is clearly within the scope of Scott's office as director of the
Institutional Division. Such is a discretionary duty rather than ministerial because Scott had a
great deal of latitude in choice of styles. See id. Though Thompson mentioned many unpleasant
effects of the new pants, he did not at the trial court and does not here state how (other than his
religious objections) Scott's action was unconstitutional, illegal, wrongful, or beyond his statutory
authority. The court did not abuse its discretion by finding that Scott took the action in good faith
and therefore did not lose his immunity.

 Because the court did not abuse its discretion in finding that Thompson's complaints
were either frivolous or barred by official immunity, we overrule Thompson's assignment of
error. We affirm the judgment.




Before Chief Justice Carroll, Justices Jones and B. A. Smith


Affirmed


Filed: February 7, 1996


Do Not Publish

1. The appellate record does not contain a statement of facts of this hearing.


ly tended to snap back causing them to splash urine on bystanders; this
heightened his exposure to HIV.

 Scott moved to dismiss the case as frivolous. He stressed his immunity from suit. 
In his response, Thompson contended that Scott was not immune from a petition for injunctive
relief against a violation of Thompson's constitutional right to freedom of religion.

 The court dismissed the action without stating a basis after a hearing at 9:00 a.m.
on January 20, 1994. (1) We therefore do not consider the allegations made in Thompson's amended
petition, filed at 1:25 p.m. on January 20, 1994.


DISCUSSION


 By his sole point of error, Thompson contends that the trial court erred by
dismissing his claim as frivolous. We review the court's dismissal for abuse of discretion. 
Ca