COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-376-CV
  
  
IN THE INTEREST OF M.E.H, A CHILD
  
  
------------
 
FROM THE 233RD DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
Introduction
        Appellant 
Stan H. appeals the trial court’s dismissal of his lawsuit for want of 
prosecution. No appellee’s brief has been filed.  Because we hold that 
the trial court erred by dismissing the lawsuit while a motion to recuse was 
pending, we reverse and remand.
Factual and Procedural Background
        On 
September 7, 2001, appellant filed a lawsuit to contest paternity.  On 
November 16, 2001, appellant filed a request for appointment of an attorney ad 
litem to represent the minor child.  Both defendants, appellant’s ex-wife 
and the child’s guardian, were served with citation, and both failed to 
answer.
        On 
January 23, 2002, appellant filed a motion for default judgment.  Appellant 
also requested a telephone conference hearing on the motion because he was 
incarcerated.  On March 5, 2002, the trial court denied the motion for 
default judgment and the motion for a hearing on the motion for default 
judgment.
        On 
July 12, 2002, the case was placed on the dismissal docket, and the district 
clerk’s notice informed appellant that the case would be dismissed on August 
20, 2002, unless appellant advised the court in person that good reason exists 
to continue the case.
        On 
July 16, 2002, appellant filed a motion to recuse the trial judge.  The 
judge declined to recuse himself and referred the motion to the administrative 
judge on July 25, 2002.  The recusal motion was originally set for hearing 
on August 2, 2002, but the hearing was rescheduled for September 27, 2002.
        On 
August 19, 2002, appellant filed a motion to retain the case on the docket, a 
response to the notice of intent to dismiss for want of prosecution, and a 
motion for telephone conference for all hearings in the case, and specifically 
for the dismissal hearing set for August 20, 2002.[2]
        The 
trial court dismissed the case for want of prosecution on August 20, 2002 
without the requested telephone conference. On September 9, 2002, appellant 
filed a motion to reinstate, a request for a hearing on the motion to reinstate, 
and a motion to set aside the dismissal order.
        On 
September 6, 2002, the court coordinator informed appellant that the recusal 
motion had been rescheduled for September 27, 2002, and instructed him 
concerning the telephone conference hearing, stating that “it is your 
responsibility to have on the telephone with you all other parties in this case 
at the time that you telephone [the court coordinator].”  On September 
30, 2002, the administrative judge signed an order noting that appellant had 
failed to appear or present evidence and denying the motion to recuse.
        On 
October 4, 2002, the trial court denied the motion to reinstate.  On 
December 18, 2002, appellant filed a motion for a bench warrant to reinstatement 
hearing, and a motion for telephone conference on reinstatement hearing.  
The trial court has not ruled on either of those motions.
Discussion
        Appellant 
asserts that the trial court erred by signing an order dismissing his case for 
want of prosecution while the motion to recuse was pending.  When a motion 
to recuse is filed, the trial court has only two options: recusal or referral of 
the case to the presiding judge of the administrative judicial district for a 
determination as to its merits.  Tex. 
R. Civ. P. 18a(c).  The trial court judge is prohibited from taking 
any further action in the case until the motion to recuse has been 
resolved.  Tex. R. Civ. P. 
18a(d). The failure to comply with these rules is an abuse of discretion as a 
matter of law, and all actions taken by the trial court subsequent to the filing 
of the recusal motion are void.  Johnson v. Pumjani, 56 S.W.3d 670, 
672 (Tex. App.—Houston [14th Dist.] 2001, no pet.).
        In 
this case, the trial court judge declined to recuse himself and properly 
forwarded the motion for recusal to the presiding judge of the administrative 
district. However, he subsequently dismissed appellant’s lawsuit for want of 
prosecution before the motion to recuse was resolved. No good cause is stated in 
the dismissal order. See Tex. R. 
Civ. P. 18a(d) (stating “good cause” exception to the rule and 
requiring good cause must be stated in order taking further action). Since this 
dismissal violated the rule 18a(d) prohibition against further trial court 
action, the dismissal order was void and of no effect. Carson v. McAdams, 
908 S.W.2d 228, 229 (Tex. App.—Houston [1st Dist.] 1993, no writ); Dunn 
v. County of Dallas, 794 S.W.2d 560, 563 (Tex. App.—Dallas 1990, no 
writ).  We sustain appellant’s first point.
        Appellant 
also alleges that he was not afforded a hearing on the motion to recuse.  
When a motion to recuse is denied, the denial may be reviewed for abuse of 
discretion on appeal from a final judgment. Tex. R. Civ. P. 18a(f).  Because we 
have held that the dismissal order was void, there is no final judgment in this 
case.  Therefore, an appeal concerning the denial of the motion to recuse 
is premature.
        Similarly, 
we need not address appellant’s points concerning the trial court’s failure 
to appoint an attorney ad litem to represent the minor child and the trial 
court’s denial of appellant’s motion for default judgment because there is 
no final judgment in the case and those matters may not be raised in an 
interlocutory appeal.  See Jack B. Anglin Co. v. Tipps, 842 S.W.2d 
266, 272 (Tex. 1992) (orig. proceeding).  Furthermore, appellant’s points 
concerning the trial court’s refusal to reinstate the case or to afford him a 
hearing on his motion to reinstate are moot.
Conclusion
        The 
trial court’s order dismissing appellant’s case for want of prosecution is 
void and of no effect since it was entered while a motion to recuse was 
pending.   Therefore, we reverse the trial court’s order of 
dismissal for want of prosecution and remand this case to the trial court for 
further proceedings.
  
 
                                                          PER 
CURIAM
   
 
PANEL F:   GARDNER, 
DAUPHINOT, and HOLMAN, JJ.
 
DELIVERED: July 1, 2004


NOTES
1.  See Tex. R. App. P. 47.4.
2.  On the same day, appellant 
non-suited the child’s guardian.