IN RE MEH

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-376-CV

IN THE INTEREST OF M.E.H, A CHILD 

------------

FROM THE 233RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Appellant Stan H. appeals the trial court’s dismissal of his lawsuit for want of prosecution.  No appellee’s brief has been filed.  Because we hold that the trial court erred by dismissing the lawsuit while a motion to recuse was pending, we reverse and remand.

Factual and Procedural Background

On September 7, 2001, appellant filed a lawsuit to contest paternity.  On November 16, 2001, appellant filed a request for appointment of an attorney ad litem to represent the minor child.  Both defendants, appellant’s ex-wife and the child’s guardian, were served with citation, and both failed to answer. 

On January 23, 2002, appellant filed a motion for default judgment.  Appellant also requested a telephone conference hearing on the motion because he was incarcerated.  On March 5, 2002, the trial court denied the motion for default judgment and the motion for a hearing on the motion for default judgment. 

On July 12, 2002, the case was placed on the dismissal docket, and the district clerk’s notice informed appellant that the case would be dismissed on  August 20, 2002, unless appellant advised the court in person that good reason exists to continue the case. 

On July 16, 2002, appellant filed a motion to recuse the trial judge.  The judge declined to recuse himself and referred the motion to the administrative judge on July 25, 2002.  The recusal motion was originally set for hearing on August 2, 2002, but the hearing was rescheduled for September 27, 2002. 

On August 19, 2002, appellant filed a motion to retain the case on the docket, a response to the notice of intent to dismiss for want of prosecution, and a motion for telephone conference for all hearings in the case, and specifically for the dismissal hearing set for August 20, 2002.
(footnote: 2)
 The trial court dismissed the case for want of prosecution on August 20, 2002 without the requested telephone conference.  On September 9, 2002, appellant filed a motion to reinstate, a request for a hearing on the motion to reinstate, and a motion to set aside the dismissal order.   

On September 6, 2002, the court coordinator informed appellant that the recusal motion had been rescheduled for September 27, 2002, and instructed him concerning the telephone conference hearing, stating that “it is your responsibility to have on the telephone with you all other parties in this case at the time that you telephone [the court coordinator].”  On September 30, 2002, the administrative judge signed an order noting that appellant had failed to appear or present evidence and denying the motion to recuse. 

On October 4, 2002, the trial court denied the motion to reinstate.  On December 18, 2002, appellant filed a motion for a bench warrant to reinstatement hearing, and a motion for telephone conference on reinstatement hearing.  The trial court has not ruled on either of those motions.  

Discussion

Appellant asserts that the trial court erred by signing an order dismissing his case for want of prosecution while the motion to recuse was pending.  When a motion to recuse is filed, the trial court has only two options:  recusal or referral of the case to the presiding judge of the administrative judicial district  for a determination as to its merits.  
Tex. R. Civ. P.
 18a(c).  The trial court judge is prohibited from taking any further action in the case until the motion to recuse has been resolved.  
Tex. R. Civ. P.
 18a(d).  The failure to comply with these rules is an abuse of discretion as a matter of law, and all actions taken by the trial court subsequent to the filing of the recusal motion are void.  
Johnson v. Pumjani
, 56 S.W.3d 670, 672 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

In this case, the trial court judge declined to recuse himself and properly forwarded the motion for recusal to the presiding judge of the administrative district.  However, he subsequently dismissed appellant’s lawsuit for want of prosecution before the motion to recuse was resolved.  No good cause is stated in the dismissal order.  
See 
Tex. R. Civ. P.
 18a(d) (stating “good cause” exception to the rule and requiring good cause must be stated in order taking further action).  Since this dismissal violated the rule 18a(d) prohibition against further trial court action, the dismissal order was void and of no effect.  
Carson v. McAdams, 
908 S.W.2d 228, 229 (Tex. App.—Houston [1
st
 Dist.] 1993, no writ); 
Dunn v. County of Dallas, 
794 S.W.2d 560, 563 (Tex. App.—Dallas 1990, no writ).  We sustain appellant’s first point.

Appellant also alleges that he was not afforded a hearing on the motion to recuse.  When a motion to recuse is denied, the denial may be reviewed for abuse of discretion on appeal from a final judgment.  
Tex. R. Civ. P.
 18a(f).  Because we have held that the dismissal order was void, there is no final judgment in this case.  Therefore, an appeal concerning the denial of the motion to recuse is premature.  

Similarly, we need not address appellant’s points concerning the trial court’s failure to appoint an attorney ad litem to represent the minor child and the trial court’s denial of appellant’s motion for default judgment because there is no final judgment in the case and those matters may not be raised in an interlocutory appeal.  
See Jack B. Anglin Co. v. Tipps, 
842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).  Furthermore, appellant’s points concerning the trial court’s refusal to reinstate the case or to afford him a hearing on his motion to reinstate are moot.  

Conclusion

The trial court’s order dismissing appellant’s case for want of prosecution is void and of no effect since it was entered while a motion to recuse was pending.  Therefore, we reverse the trial court’s order of dismissal for want of prosecution and remand this case to the trial court for further proceedings.  

PER CURIAM

PANEL F: GARDNER, DAUPHINOT, and HOLMAN, JJ.

DELIVERED:  July 1, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
On the same day, appellant non-suited the child’s guardian.