ACCEPTED
01-14-00694-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/5/2015 11:26:38 AM
CHRISTOPHER PRINE
CLERK

# No-01-14-00694-CV

## IN THE FIRST DISTRICT COURT OF TEXAS

## HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

5/5/2015 11:26:38 AM

CHRISTOPHER A. PRINE
Clerk

**DIOGU KALU DIOGU II, LL.M.**

*APPELLANT*

*Vs*

*YAOWAPA RATTANA APRN*

*APPELLEE*

**APPEAL FROM THE 387TH JUDICIAL DISTRICT COURT FORT BEND COUNTY, TEXAS**

**REPLY BRIEF FOR APPELLANTS**

> DIOGU KALU DIOGU II, LL.M.
> DIOGU DIOGU LAW FIRM
> P. O. BOX 994
> FULSHEAR, TEXAS 77441
> Diogu.diogu.law.firm@gmail.com
> Phone (713) 791 3225
> Fax    (832) 408 7611

**ORAL ARGUMENT REQUESTED**

1

## IDENTITY OF PARTIES AND COUNSEL

**APPELLANT/COUNTER-DEFENDANT**

**DIOGU KALU DIOGU II**

**COUNSEL FOR APPELLANTS**

Diogu Kalu Diogu II
Diogu Diogu Law Firm
P. O. Box 994
Fulshear, Texas 77441
Phone (713) 791-3225
Fax. (832) 408-7611

**APPELLEE/COUNTER PLAINTIFF**

Ms. Yaowapa Ratana-Aporn

**COUNSEL FOR APPELLEE**

**Mario Martinez**
Law Offices of Mario A Martinez PLLC
23123 Cinco Ranch Blvd #208
Katy TX 77494

## RECORD REFERENCES

1. The Clerk's Record will be referred to as "CR:[Page(s)]". There is a 1st Supplemental Clerk's Record which will be cited as "SCR [Page(s)]". There is also 2nd. Supplemental Clerk's Record which will be cited as "2SCR [Page(s)]". There is also an Appendix of the Motion for New Trial which will be cited as "TAB. A [Page(s)]".

2. The Reporter's Record was not requested nor used in this brief because it was not necessary and not relevant to this Appeal

TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................7

ARGUMENT …………………………………………………………..…...9

1. **THE APPELLANT'S BRIEF HAS AN "ARGUMENT" SECTION THAT CONTAIN A CLEAR AND CONCISE ARGUMENT FOR THE CONTENTIONS MADE, WITH APPROPRIATE CITATIONS TO AUTHORITIES AND TO THE RECORD. TEX. R. APP. P. 38.1(H), THE APPELLEE INABILITY TO COMPREHEND CLEAR AND CONCISE BASIC LOGICAL REASONING CONTAINED IN THE APPELLANT BRIEF IS IRRELEVANT**..........................................9

2. **APPELLEE'S DECISION TO PRESENT ONLY PARTIAL AND CHERRY PICKED[1] REPORTER'S RECORD THAT SUPPORTS HIS POSITION RAISES THE PRESUMPTION TO SUPPORT THE APPELLANT'S CONTENTION THAT HE DID NOT ORDER THE REPORTER'S RECORD BECAUSE IT WAS "NOT NECESSARY AND NOT RELEVANT" TO THIS APPEAL. (APPELLANT'S BRIEF, P. 2 AND DEFEATS THE PRESUMPTION TO AFFIRM THE TRIAL COURT'S JUDGMENT.**..........................................11

3. **IT IS UNCONTROVERTED THAT THE APPELLANT WAS NOT SENT NOR DID HE RECEIVE THE NOTICE OF TRIAL SETTING NOR WAS THERE AN ANNOUNCEMENT IN OPEN COURT BY THE TRIAL JUDGE IN THE PRESENCE OF THE APPELLANT OF A TRIAL SETTING NOT LESS NON-JURY TRIAL**..................13

4. **APPELLANT WAS ENTITLED TO A JURY TRIAL**..........................14
   i. **APPELLANT COMPLIED WITH RULE 216 OF THE TEXAS RULES OF CIVIL PROCEDURE**……….…….....14
   ii. **DIOGU PRESERVED HIS ERROR IN HIS MOTION FOR NEW TRIAL.** ……………….….………….....15
   iii. **DIOGU'S NON SUITS DID NOT EXTINGUISHED HIS FIRST JURY DEMAND AND FEES PAID**……….…...16

---

[1] Devious deception in displaying data: Cherry picking - Choosing to make selective choices among competing evidence, so as to emphasize those results that support a given position, while ignoring or dismissing any findings that do not support it, is a practice known as "cherry picking" and is a hallmark of poor science or pseudo-science. See Richard Somerville, American climate scientist, 2011. See also, When only select evidence is presented in order to persuade the audience to accept a position, and evidence that would go against the position is withheld…See URL, http://www.logicallyfallacious.com/index.php/logical-fallacies/66-cherry-picking.

    **iv. DIOGU MADE A JURY DEMAND AND JURY FEE WHEN HE FILED HIS CASE ON OR ABOUT MARCH 08TH, 2013 AND THE APRIL 2ND 2014 PAYMENT BY AN OFFICE STAFF WAS CUMULATIVE AND MADE INADVERTENTLY**………………………………….....17

5. **THE TRIAL COURT ERR WHEN SHE CONTINUED TRIAL AFTER SHE WAS SERVED WITH THE APPELLANT MOTION FOR RECONSIDERATION ON APPELLANT'S MOTION TO RECUSE OR DISQUALIFY** …………………………………......…..17

6. **THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION OVER THE PROPERTY DESCRIBED AS LOT TWENTY THREE (23) IN BLOCK ONE (1) OF CINCO RANCH GREENWAY VILLAGE, SECTION NINE (9), A SUBDIVISION IN FORT BEND COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER SLIDE NO (S) 1550/B, 1551/A AND 1551/B OF THE PLAT RECORD OF FORT BEND COUNTY, TEXAS. TAB A.18-19 2SCR.21-22 AT THE TIME OF THE TRIAL**………………………………………………..…...18

CONCLUSION AND PRAYER ........................................................................ 22

CERTIFICATE OF SERVICE .......................................................................... 22

# INDEX OF AUTHORITIES

## TEXAS CASES

*Abdelnour v. Mid Nat'l Holdings, Inc.*,
190 S.W.3d 237, 241 (Tex. App.—Houston [1st Dist.] 2006, no pet.)..................................................................................12

*Bennett v. Cochran*,
96 S.W.3d 227, 228 (Tex. 2002)…….....… ……………..…………10, 11, 14

Benavente v. Granger
(Tex.App.- Houston [1st Dist.] Oct. 23, 2009)…………………....…...13

Cecil v. Smith,
804 .S.2d. 509, 910-11, (Tex. 1991)……………………………… …...17

*Christiansen v. Prezelski*,
782 S.W.2d 842, 843 (Tex. 1990). ………………….…………….…..13

*Carson v. Gomez,*
841 S.W.2d 491, 493 (Tex.App.-Houston [1st Dist.] 1992, **no** writ)…......9

*Cliff v. Huggins,*
724 **S.W.2d** 778, 780 (Tex. 1987); …………...……..…………………14, 15

*Grande Valley Gas Co.,*
987 S.W.2d 167, 178-79 (Tex.App.-Corpus Christi 1999, **no** pet.); ..…....9

*Feldman v. Marks*,
960 S.W.2d 613, 614 (Tex. 1996); ……..……………...……………….13

*Graham-Rutledge & Co., Inc. v. Nadia Corp.,*
281 S.W.3d 683, 691 (Tex. App.-Dallas 2009, no pet.) ........…………..14

*LBL Oil Co. v. Int'l Power Servs,*
777 **S.W.2d** 390, 390-91 (Tex. 1989). …………..…………………..15

*Lopez v. Lopez*,
757 S.W.2d 721, 723 (Tex. 1988) (per curiam) …………………….…15

*In re M.P.B.*,
257 S.W.3d 804, 811 (Tex. App.―Dallas, 2008, no pet.). ..…………16

*In re C.O.S.,*
**988 S.W.2d 760**, 765 (Tex. 1999) …..……………..……………...16

*San Saba Energy, L.P. v. Crawford*,
171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ..11

*Villafani v. Trejo*,
251 S.W.3d 466, 468 (Tex. 2008). 18,20, 32….………..……………...17

## FEDERAL CASES

*Association of Data Processing Service Organizations Incorporated v. Camp*,
397 U.S. 150, 151 (1970). ……………………………….…..….……20

*Barber v. United Airlines, Inc.*,
17 Fed.Appx. 433, 437 (7th Cir. 2001) ……………….…….…..…...14

*City of Los Angeles v. Lyons*,
461 U.S. 95, 105 (1983). …………………………………………….22

*DaimlerChrysler Corporation v. Cuno*,
547 U.S. 332, 340-41 (2006) ……….…….……………………...….…20

*Davis v. Federal Election Commission*,
554 U.S. 724, 734 (2008). ………………………...…………….……21

*Elk Grove Unified School District v. Newdow*,
542 U.S. 1 (2004) ………………………………………………..….……20

*FW/PBS Incorporated v. Dallas*,
493 U.S. 215, 231 (1990). ……………………………...…..….……21

*Lujan v. Defenders of Wildlife*,
504 U.S. 555, 560-61 (1992); ……………………………...……………20

*Monsanto Company v. Geerston Seed Farms*,
130 S. Ct. 2743, 2754 (2010) …………………………………….……22

*Summers v. Earth Island Institute*,
555 U.S. 488, 492-93 (2009) …………………………………………….20

*United States v. Windsor*,
133 S. Ct. 2675, 2687 (2013) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)). ……………………………………...…….20

## RULES

Tex. R. Civ. P. 21a; …..……………………….…….…….…….…...14

Tex. R. Civ. P. 216; …..……………………………….……….….…..16

Tex. R. App. P. 33.1. …..…………………………………………….…..16

Tex. R. Civ. P. 324 (b). …..……………………………...……………...16

Tex. R. Civ. P. 324(b)(2)g)…….……………………..…………………...16

## INTRODUCTION

Respondent is, of course, entitled to provide additional facts supported by the record, which he believes were omitted by the Appellant's **Statement of Facts and Procedural History**. However, the right to offer additional facts does not grant the right to convert a statement of facts into argument. If a party says, "Dr. Smith testified at page X of the transcript that A and B were true," that is an objective statement of fact. If the party says, "At page X of the transcript, Dr. Smith's testimony proved A and B were true," argument has been introduced. The latter statement is argumentative because it offers a legal conclusion or an opinion about the value to be given to the evidence. That is not the function of counsel on appeal, nor the proper function of a statement of facts.

## DECEPTION AND FRAUD ON THE APPELLATE COURT:

Further, the Appellee went to a great length to discuss the "evil" of the Appellant's motion to recuse the trial Judge. Appellee Brief ("App. Br.") p. 16-17 but failed to mention that the Appellant's motion to recuse titled Motion for reconsideration. CR.158-166 which was served on the trial Judge in the same manner that the Appellant served her with his first Motion to recuse and/or disqualify. Compare the certificate of Service of CR.141-147 and CR.158-166.

The Trial Judge chose to act on the former but ignored the latter. The Appellee omission to bring this to the attention of this Court was intended to

mislead and deceive the Appellate Court because it was intended to lead this Court not to do justice but to a conclusion that fits Appellee's narrative. App. Br. P.28-32. His narrative being that the trial Court chose not to act because she was not made aware of the second and appellant motion to recuse. **FALSE**

A mere looking at the certificate of service of both records will show that the trial Judge was made aware of both motion in similar manner but chose to ignore the later an option not available to her under the Rule. *Grande Valley Gas Co.,* 987 S.W.2d 167, 178-79 (Tex.App.-Corpus Christi 1999, **no** pet.); *Carson v. Gomez,* 841 S.W.2d 491, 493 (Tex.App.-Houston [1st Dist.] 1992, **no** writ).

Further, the Appellee again attempted to mislead this Court when it stated by implication that Diogu filed a partial Reporter's record. App. Br. 23-29. The Appellee Brief is very misleading, because the Appellant did not provide partial reporter's record in fact the Appellant indicated that the reporter's record was unnecessary. Appellant brief p.2. The deception was meant to lead this Court to the false concussion that "In the absence of a complete Reporter's Record, an appellate court must presume that omitted portions of the record are relevant and support the trial court's judgment. *Bennett v. Cochran*, 96 S.W.3d 227, 228 (Tex. 2002)".

The Appellee's brief on this subject is self-defeating, because is he who relies on a partial reporter's record App. Br. P.39-43. The unintended

8

consequence should be that this Court must presume that the omitted portions of the record by the Appellee are relevant and support Diogu's statement that the Reporter's record is unnecessary to prosecute this appeal. *Bennett v. Cochran*, 96 S.W.3d 227, 228 (Tex. 2002)".

## PERSONAL OBSERVATION:

Reading the deceptive and self-defeating Appellee's Brief reminds me of a famous statement attributed to the Esteem Harvard Law School professor Alan Dershowitz. In that statement the Harvard Law School professor Alan Dershowitz shares with his students a strategy for successfully defending cases. He stated that if the facts are on your side, Dershowitz says, pound the facts into the table. If the law is on your side, pound the law into the table. If neither the facts nor the law are on your side, pound the table. The Appellee brief contain a lot of table pounding.

## ARGUMENT

**1. THE APPELLANT'S BRIEF HAS AN "ARGUMENT" SECTION THAT CONTAIN A CLEAR AND CONCISE ARGUMENT FOR THE CONTENTIONS MADE, WITH APPROPRIATE CITATIONS TO AUTHORITIES AND TO THE RECORD. TEX. R. APP. P. 38.1(H), THE APPELLEE INABILITY TO COMPREHEND CLEAR AND CONCISE BASIC LOGICAL REASONING CONTAINED IN THE APPELLANT BRIEF IS IRRELEVANT.**

An appellant's brief must have an "Argument" section that "must contain a clear and concise argument for the contentions made, with appropriate citations

to authorities and to the record." TEX. R. APP. P. 38.1(h). We are "to construe the Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule." *Republic Underwriters Ins. Co. v. Mex-Tex. Inc.*, 150 S.W.3d 423, 427 (Tex. 2004) (quoting *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997)). A brief is sufficient and does not waive an issue if it "contains all points of error relied upon, argument and authorities under each point of error, and all facts relied upon for the appeal with references to the pages in the record where those facts can be found." *City of Arlington v. State Farm Lloyds*, 145 S.W.3d 165, 167 (Tex. 2004) (quoting *Weaver v. Sw. Nat'l Bank*, 813 S.W.2d 481, 482 (Tex. 1991)). However, a brief that does not contain citations to appropriate authorities and to the record for a given issue waives that issue. *Abdelnour v. Mid Nat'l Holdings, Inc.*, 190 S.W.3d 237, 241 (Tex. App.— Houston [1st Dist.] 2006, no pet.); *see also San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (stating that despite liberal interpretation of Rules of Appellate Procedure, "parties asserting error on appeal still must put forth some specific argument and analysis showing that the record and the law supports [sic] their contentions"). Id.

Here the Appellant's brief contains all points of error relied upon, argument and authorities under each point of error, and all facts relied upon for the appeal with references to the pages in the record where those facts can be found. See Appellant's Brief generally.

**2. APPELLEE'S DECISION TO PRESENT ONLY PARTIAL AND CHERRY PICKED[2] REPORTER'S RECORD THAT SUPPORTS HIS POSITION RAISES THE PRESUMPTION TO SUPPORT THE APPELLANT'S CONTENTION THAT HE DID NOT ORDER THE REPORTER'S RECORD BECAUSE IT WAS "NOT NECESSARY AND NOT RELEVANT" TO THIS APPEAL. (APPELLANT'S BRIEF, P. 2) AND NOT RELEVANT TO THE PRESUMPTION TO AFFIRM THE TRIAL COURT'S JUDGMENT.**

Diogu states that he did not order the Reporter's Record because it was "not necessary and not relevant" to this appeal. (Appellant's brief, p. 2). Appellee disagreed, claiming falsely instead, "the omitted Reporter's Record is highly relevant because it raises a presumption in favor of the trial court's judgment. He stated that the trial court made a record for each of the hearings Diogu complains of on appeal (i.e., plea to jurisdiction and motion for new trial) and of the non-jury trial. CR 181-186; APP 2. See Appellee Brief App. Br. P.28-32, ("APP. BR.") Mind you that Diogu did not present a partial reporter's record

---

[2] Devious deception in displaying data: Cherry picking - Choosing to make selective choices among competing evidence, so as to emphasize those results that support a given position, while ignoring or dismissing any findings that do not support it, is a practice known as "cherry picking" and is a hallmark of poor science or pseudo-science. See Richard Somerville, American climate scientist, 2011. See also, When only select evidence is presented in order to persuade the audience to accept a position, and evidence that would go against the position is withheld...See URL, http://www.logicallyfallacious.com/index.php/logical-fallacies/66-cherry-picking.

at all and relied on conclusive evidence on the Clerk's Record, was not challenging the sufficiency of the evidence as to a jury's verdict or judge's finding that was not based on conclusive evidence available on the case of Clerk's Record, or otherwise need to refer in my brief to testimony or argument that was made in the trial court. See Appellant's Brief generally. See also an unpublished record of this Court in Benavente v. Granger (Tex.App.- Houston [1st Dist.] Oct. 23, 2009) (Radack) (rear-end automobile collision, negligence not established, take-nothing judgment affirmed, appeal on partial reporter's record)

Further, The Appellee's brief on this subject is self-defeating, because is he who relies on a partial reporter's record App. Br. App. Br. P.28-32, if – as the Appellee suggests – in the absence of a complete reporter's record, an appellate court must presume that omitted portions of the record are relevant and support the trial court's judgment. It is self-defeating because it was the appellee not the Appellant that relied on a partial reporter's report to his advantage. Where a party presents only a partial reporter's record, Texas courts are required to, and will, presume that the omitted portions of the record support's Diogu statement that he did not order the Reporter's Record because it was "not necessary and not relevant" to this appeal. (Appellant's brief, p. 2).See App. Br. 39-43.   See also,

Bennett *v. Cochran*, 96 S.W.3d 227, 228 (Tex. 2002); *Feldman v. Marks*, 960 S.W.2d 613, 614 (Tex. 1996); *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990). See also, *Barber v. United Airlines, Inc.*, 17 Fed.Appx. 433, 437 (7th Cir. 2001) (affirming exclusion of "cherry-picking" expert witness who failed to explain why he ignored certain data while accepting others)

This Court should presume that the Reporter's record is not necessary and not relevant" to this appeal and do not support the trial court's judgment or the affirmance of that judgment

**3. IT IS UNCONTROVERTED THAT THE APPELLANT WAS NOT SENT NOR DID HE RECEIVE THE NOTICE OF TRIAL SETTING NOR WAS THERE AN ANNOUNCEMENT IN OPEN COURT BY THE TRIAL JUDGE IN THE PRESENCE OF THE APPELLANT OF A TRIAL SETTING NOT LESS NON-JURY TRIAL**

The Texas Rules of Civil Procedure require notice of the trial setting to be sent by personal service, courier receipted delivery, certified or registered mail, fax, or by any other manner as the trial court in its discretion may direct. Tex. R. Civ. P. 21a. Under Rule 21a, if notice of the hearing is properly addressed and mailed, postage prepaid, a presumption arises that the notice was properly received by the addressee. Tex. R. Civ. P. 21a; *Cliff v. Huggins,* 724 S.W.2d 778, 780 (Tex. 1987); *Graham-Rutledge & Co., Inc. v. Nadia Corp.,* 281 S.W.3d 683, 691 (Tex. App.-Dallas 2009, no pet.). Once a defendant has made an

appearance in a cause, he is entitled to notice of the trial setting as a matter of Fourteenth Amendment due process. *LBL Oil Co. v. Int'l Power Servs, 777 S.W.2d* 390, 390-91 (Tex. 1989).

Despite, his reliance on a partial reporter's record, App. Br. 39-43, there is no evidence on the record that controverts the fact that the appellant was not served with nor did he receive any notice of trial setting nor was there an announcement in open court by the trial judge in the presence of the appellant of a trial setting not less non-jury trial. See *Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987) (uncontroverted evidence from defendant and his attorney that they did not receive notice of trial setting). See also, *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988) (per curiam) (applied *Peralta* to case where there was no notice of hearing). A party who has made an appearance in a cause is entitled to notice of a trial setting as a matter of due process under the Fourteenth Amendment of the Federal Constitution. *LBL Oil Company v. International Power Services, Inc., 777 S.W.2d* 390, 390-91 (Tex.1989); *Lopez v. Lopez, supra.*.

### *4.* APPELLANT WAS ENTITLED TO A JURY TRIAL

#### I. APPELLANT COMPLIED WITH RULE 216 OF THE TEXAS RULES OF CIVIL PROCEDURE

While a right to a jury trial is constitutionally protected, the right to a jury trial in a civil case is not self-executing. To invoke that right, a party must comply with Rule 216 of the Texas Rules of Civil Procedure by filing a written demand for a jury and paying the appropriate fee a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty (30) days in advance. Tex. R. Civ. P. 216; *See also, In re M.P.B.*, 257 S.W.3d 804, 811 (Tex. App.—Dallas, 2008, no pet.).

It is uncontroverted that the Appellant invoked that right, a party and complied with Rule 216 of the Texas Rules of Civil Procedure. App. Br. P.34-35.

## II. DIOGU PRESERVED HIS ERROR IN HIS MOTION FOR NEW TRIAL.

Judicial economy requires that a trial court have the opportunity to correct an error before an appeal proceeds. See also, *In re C.O.S.,* **988 S.W.2d 760**, 765 (Tex. 1999). "As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion. See also, Cecil v. Smith, 804 .S.2d. 509, 910-11, (Tex. 1991), Tex. R. App. P. 33.1. Tex. R. Civ. P. 324 (b). Moreover, in her motion for new trial, Benavente argued that "the evidence presented at trial conclusively proved that defendant acted negligently, therefore, the jury's findings were against the great weight and preponderance of the evidence." Thus,

Benavente's factual sufficiency challenge is preserved. See Tex. R. Civ. P. 324(b)(2) See Appellant motion for New Trial Appellant Brief at 46. 2SCR04-35

### III. DIOGU'S NON SUITS DID NOT EXTINGUISHED HIS FIRST JURY DEMAND AND FEES PAID

It is well established the the right to jury trial is an individual right that attaches on the person as long as the person is exposed to any form penalty under that cause number until the case is finally disposed. It is also well established that a jury trial of a lawsuit or criminal prosecution in which the case is presented to a jury and the factual questions and the final judgment are determined by a jury. It also established that pleadings filed by a non-movant prior to the non-suit survive the effect of the motion as such the nonsuit does not extinguish the case or controversy filed against the movant as such the case is not final as to the movant. *See Villafani v. Trejo*, 251 S.W.3d 466, 468 (Tex. 2008).

It is also established that the case was not final when Diogu's affirmative claims were extinguished by his two non-suit against two defendants because it did not dispose the claims filed against him nor the entire lawsuit. Id

Since Diogu was still subject to a trial under this cause number until the case becomes final his right to a jury trial survived the partial resolution of the case as to two defendants.

Furthermore, it is interesting that the Appellee's does not cite any case law that supports his contention that the right of a jury trial is extinguished when the nonsuit does not dispose of the entire cause.

**IV. DIOGU MADE A JURY DEMAND AND JURY FEE WHEN HE FILED HIS CASE ON OR ABOUT MARCH 08TH, 2013 AND THE APRIL 2ND 2014 PAYMENT BY AN OFFICE STAFF WAS CUMULATIVE AND MADE INADVERTENTLY**

It is well established and uncontroverted that Diogu filed his original petition for divorce including a jury demand on or about March 08th, 2013. It is also uncontroverted that Diogu paid $323.00 for the filing with $275.00 and $48.00 being other fees presumably including a jury fees of $32.00 and other fees on the same day. The Court should take judicial notice of the 387th Fort Bend County Judicial District record. See URL: http://tylerpaw.co.fort-bend.tx.us/CaseDetail.aspx?CaseID=1264163 which also part of the record on Appeal. As shown above, since the Appellant made a timely jury demand and paid the required jury fees, and nothing in the record shows that he waived his right to jury trial he is entitled to jury trial as a matter of right.

**5. THE TRIAL COURT ERR WHEN SHE CONTINUED TRIAL AFTER SHE WAS SERVED WITH THE APPELLANT MOTION FOR RECONSIDERATION ON APPELLANT'S MOTION TO RECUSE OR DISQUALIFY**

It is Uncontroverted that the trial Court was served with both motions to recuse as required by law but she chose to do nothing with the later. She refused to recuse herself in the first one and forwarded the case to the recusal Court but did nothing when she was served in the same manner with second recusal motion. Compare the certificate of Service of CR.141-147 and CR.158-166. The Appellee does no dispute the fact that the Trial Judge did nothing an option not available to her when she was served with second motion to recuse and/or motion for reconsideration. App. Br. 26-33. Because the trial court did nothing as required by law this Court shod declare the Judgment void.

**6. THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION OVER THE PROPERTY DESCRIBED AS LOT TWENTY THREE (23) IN BLOCK ONE (1) OF CINCO RANCH GREENWAY VILLAGE, SECTION NINE (9), A SUBDIVISION IN FORT BEND COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER SLIDE NO (S) 1550/B, 1551/A AND 1551/B OF THE PLAT RECORD OF FORT BEND COUNTY, TEXAS. TAB A.18-19 2SCR.21-22 AT THE TIME OF THE TRIAL**

The trial Court lacked subject matter jurisdiction on all issue relating to and arising from the property above including the Lis Pendens which was moot at the time the Appellee filed suit and because the Appellee lacked standing to raise any issue relating to the property belonging to **Atty. Chang Lee** described as Lot Twenty Three (23) in Block One (1) of Cinco Ranch Greenway Village, Section Nine (9), A Subdivision in Fort Bend County, Texas According to the Map or Plat

Thereof Recorded Under Slide No (s) 1550/B, 1551/A and 1551/B of the Plat Record of Fort Bend County, Texas. TAB A.18-19 2SCR.21-22at the time of the trial in this case.

The law of standing has its roots in Article III's case and controversy requirement See *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *DaimlerChrysler Corporation v. Cuno,* 547 U.S. 332, 340-41 (2006). The U.S. Supreme Court has established a three-part test for standing. The "irreducible constitutional minimum of standing" requires the plaintiff to establish:

> **First** ... an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent," not "conjectural" or "hypothetical." **Second**, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." **Third**, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also Summers,* 555 U.S. at 493.

While the standing test is easily stated, it can be difficult to apply. The Supreme Court has observed that "[g]eneralizations about standing to sue are largely worthless as such. See *Association of Data Processing Service Organizations Incorporated v. Camp*, 397 U.S. 150, 151 (1970). The U.S. Supreme Court also imposes "prudential" limitations on standing to ensure sufficient "concrete adverseness." *United States v. Windsor*, 133 S. Ct. 2675, 2687 (2013) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)). *See, e.g.*, *Elk*

*Grove Unified School District v. Newdow*, 542 U.S. 1 (2004) (relying on principles of prudential standing to deny standing to student's father who sought to challenge requirement that his daughter recite Pledge of Allegiance, when father's right to act on his daughter's behalf was founded on disputed issues of state family law).

These include limitations on the right of a litigant to raise another person's legal rights, a rule barring adjudication of generalized grievances more appropriately addressed legislatively, and the requirement that a plaintiff's complaint must fall within the zone of interests protected by the statute at issue.[3]

The Supreme Court has made it clear that the burden of establishing standing rests on the plaintiff. *DaimlerChrysler*, 547 U.S. at 342, n.3; *FW/PBS Incorporated v. Dallas*, 493 U.S. 215, 231 (1990). At each stage of the litigation—from the initial pleading stage, through summary judgment, and trial—the plaintiff must carry that burden See *Defenders of Wildlife*, 504 U.S. at 561. Standing must exist on the date the complaint is filed and throughout the

---

[3] The Supreme Court examined the distinction between Article III and prudential limitations on standing in the unusual context presented in *Windsor*, the recent case that invalidated the Defense of Marriage Act. There, the Supreme Court held that the United States had standing to appeal a trial court's decision to require it to pay a tax refund although it refused to defend the statute on which it had denied and continued to deny the request for refund. The Court further held that the importance of the issues, the prospect of time-consuming and costly litigation over DOMA were the appeal dismissed, and the presentation by a Congressional group that intervened to support the constitutionality of DOMA counseled against dismissing the appeal on prudential grounds. *Windsor*, 133 S. Ct. at 2684–89.

litigation. *Davis v. Federal Election Commission*, 554 U.S. 724, 734 (2008).
Moreover, standing cannot be conferred by agreement and can be challenged at any time in the litigation, including on appeal, by the defendants or, in some circumstances, by the court *sua sponte*. Finally, plaintiffs must demonstrate standing for each claim and each request for relief.. *Monsanto Company v. Geerston Seed Farms*, 130 S. Ct. 2743, 2754 (2010) (plaintiffs must demonstrate standing to pursue each form of relief sought); *Davis*, 554 U.S. at 734; *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). Further, there is no "supplemental" standing: standing to assert one claim does not create standing to assert claims arising from the same nucleus of operative facts. *Daimler Chrysler*, 547 U.S. at 353.

Clearly in this case, the property at issue belonged to Attorney Chang Lee, who was not a party to this lawsuit. It is only Attorney Lee that can bring a damage claim on his property. According to the US Supreme Court the Appellee is barred from raising Attorney Chang Lee's legal rights as she did in the lower Court.

Accordingly, the Appellee lacked standing bring the alleged wrongful Lis Pendens action on the property belonging to Attorney Chang Lee. Further, the Appellee had no standing on the day of the trial to raise any issue relating to damages on the property which she had no right to raise.

21

Further, the entire counterclaim should fail because it all it arose from the same nucleus of operative facts – allegation of wrongful Lis Pendens to which the Appellee had not standing. *Daimler Chrysler*, 547 U.S. at 353.

## CONCLUSION AND PRAYER

For the reasons set forth herein, Appellant prays this case be reversed and remanded for a new trial; or in the alternative, reversed and remanded for a dismissal with Prejudice and for such other relief as he may show himself deserving at law or in equity.

Respectfully submitted,

By: _/S/Diogu Kalu Diogu ii_
Diogu Kalu Diogu II, LL.M.
State Bar No. 24000340
P. O. Box 994, Fulshear, Texas 77441
Telephone (713) 791 3225
Telecopier (832) 408 7611

## CERTIFICATE OF SERVICE

I, Diogu Kalu Diogu II, LL.M, attorney for the Appellant, do hereby certify that a true and correct copy of the above and foregoing Brief of the Appellant has been delivered to the following parties:

Deposited in first class U.S. mail addressed to:

Mario Martinez
Law Offices of Mario A Martinez PLLC,
23123 Cinco Ranch Blvd #208,

Katy TX 77494

May 05th, 2015

                                        By: _/S/*Diogu Kalu Diogu ii*_
                                        Diogu Kalu Diogu II, LL.M.
                                        State Bar No. 24000340
                                        P. O. Box 994, Fulshear, Texas 77441
                                        Telephone (713) 791 3225
                                        Telecopier (832) 408 7611